UTICA,
Aug. 1824.

JACKSON, *ex dem.* EDEN and others, *against* RATHBONE, landlord, and GOULD, tenant, joint defendants.

Jackson
v.
Rathbone.

IN ejectment, the plaintiff recovered certain premises, situate in the city of *New-York*, particularly described in a special verdict found by the jury.   The declaration was in the usual general form, for 5 acres, &c. in a certain ward of the city.   Judgment having been entered for the plaintiff, an *habere facias possessionem* thereupon issued to the Sheriff of the city and county of *New-York*, who declined executing it, on account of the doubt which existed, whether any land, in possession of *Gould*, the tenant, with whom *Rathbone* had been admitted to defend, as landlord, was included in the description in the special verdict, he holding himself bound by this description.

*L. Mitchell*, for the plaintiff, moved for a rule upon the Sheriff, requiring him to execute the *hab. fa. poss.* either according to the direction of the plaintiff's attorney, or to the extent of the description in the special verdict, which, as he contended, covered the premises of which the plaintiff sought to obtain possession.   He produced an affidavit, shewing that the plaintiff's attorney had pointed out certain premises to the Sheriff, lying in the ward mentioned, which were in the tenant's possession when the suit was commenced, and of which the plaintiff claimed possession under the writ, and that an indemnity was offered to the Sheriff, &c. He also produced various affidavits, maps, &c. and a bill in Chancery, filed by one of the defendants, from which he contended that, upon a true location under the special verdict, the premises pointed out were included in it.   But whether this were so or not, he contended that the Sheriff should have gone on according to the direction of the plaintiff's attorney.   It is too late for the defendants to come in, after having pleaded and gone to trial, and say that the recovery is a nullity, because the tenant was not in possession of the subject matter of the ejectment.   The proceedings in

In ejectment, where the declaration, verdict and judgment are general, the plaintiff may take possession, at his peril, to any extent which he chooses, under the writ of *hab. fac. possessionem*, subject to be put right by the court, if he takes too much.

But where the judgment is upon a special verdict, describing the premises, the plaintiff is confined to such location, in the first instance, and the sheriff may refuse to give him possession beyond it.

this action are always general and indefinite. The particular premises in dispute are never designated in the declaration ; and where the defendant goes on without demanding a bill of particulars, there is no mode of reaching them, besides the one we have pursued. The general form gives notice to the tenant that we go for all the land he possesses in the ward referred to by the declaration. And where the landlord comes in, as here, he is bound to take notice, at his peril, of what his tenant defends for. The extent of his claim is measured by that of the tenant under whom he comes in ; and we have a right to take, under our execution, according to the possession of the tenant. It may be said, the special verdict controls and limits the generality of the count ; or, if it describes lands which are not in existence, that the plaintiff can take nothing under his judgment. Is this so ? If the verdict does not, in fact, embrace the premises, this must have arisen from mistake ; and, in this fictitious action of ejectment, the Court will rectify or overloook the mistake, and bring back the proceedings to the real point in dispute. They will mould them according to the truth of the case. The action of ejectment is a creature of the Court, and entirely under their control, for all the purposes of justice. The premises in question are understood, universally, to be those in possession of the defendant when the suit is commenced. In case of a judgment by default, they are identified by an affidavit of serving the declaration, and occupancy by the tenant. If he comes to defend, as here, he must plead not guilty—of what? Of trespassing on the premises in question ; that is to say, *all the lands in his possession.* These are the very words of the consent rule in the English Common Pleas, as will appear from *Goodright* v. *Rich,* (7 *T. R.* 323.) It will be seen, from the opinions of Ld. *Kenyon,* Ch. J. and *Ashurst,* J. (*id.* 329, 330, *which he read,*) that under the more general consent rule of the K. B. and in this Court, the actual possession of the tenant, in the town or ward mentioned by the declaration, is the guide upon executing the writ of possession.

The extent of the defendant's possession cannot be controlled by the verdict, though we admit that it may be by other considerations. The judgment is *for the term yet to come, of and in the premises aforesaid*—not the lands described by the *verdict*, but the *declaration*. The Sheriff must depend on the information of the plaintiff. We admit that he is entitled to an indemnity against any liability which he may incur by reason of the information being mistaken or false. This has been offered and declined. We do not wish the Sheriff to act without indemnity, either by a bond with sureties, or the advice and protection of the Court. "In this fictitious action," says Ld. *Mansfield*, in *Cottingham* v. *King*, (1 *Burr.* 629) "the plaintiff is to shew the Sheriff, and is to take possession *at his peril* of only what he has title to. If he takes more than he has recovered or shewn title to, the Court will, in a summary way, set it right." Again: in *Connor* v. *West*, (5 *Burr.* 2673) the same Judge remarks, that, "in truth and in fact, the Sheriff delivers possession at the shewing of the plaintiff, and at the peril of the plaintiff, who is, at his peril, to take possession of no more than he was entitled to. I remember an issue directed, to try whether the Sheriff had delivered possession properly, according to the recovery." In *Roe* v. *Dawson.* (3 *Wils.* 49) the ejectment was for $\frac{5}{8}$ of a cottage, and the Sheriff having delivered possession of the whole, the Court made a rule upon him to re-deliver possession of $\frac{3}{8}$ to the defendant. In *Denn* v. *Purvis*, (1 *Burr.* 326) it was held that the plaintiff must take according to his title, though the declaration demand more. The judgment is, that the plaintiff recover his term in the whole premises, not merely a moiety, though the ejectment be against two defendants, and one of them die, after issue joined, but before trial. (*Farr* v. *Denn*, *id.* 362, and vid. 2 *Sell. Pr.* 121.) The case of *Jackson* v. *Van Bergen*, (1 *John. Cas.* 101) shews how little the verdict is to be regarded, in determining the extent of the possession to be taken. The verdict for the plaintiff was general for the whole premises, but the evidence on the trial related

only to an undivided moiety ; and the Court, on motion, restrained the execution to the latter.

*G. Griffin & W. Slosson*, contra, would not dispute the proposition that, in general, the Sheriff is bound to deliver possession to the plaintiff according to his directions ; but this is a prerogative of the plaintiff which the Court will watch with jealousy. Suppose a recovery, in fact, for but 300 feet in this city, but the plaintiff claims 10 acres ; would not the Court restrain him ? Has he a right to take possession, and put the defendant to a summary application to reclaim it ? One mode of restricting this right is, by proof at the trial. (*Brookes* v. *Baldwyn*, *Barnes*, 468.) And such is the doctrine of *Jackson* v. *Van Bergen*, cited on the other side. There being a general verdict, the Court went to the evidence upon the trial to determine its application. When the verdict is special, there is no need of this. The result of all the proof on the trial is given by the verdict ; and, where the premises are specifically described, as here, you cannot travel out of it. It is the finding of the jury, under the direction of the Court, and must be taken as undeniably true, between the parties, not only in the immediate suit, but in all others. It is, in itself, an estoppel upon both parties. Will it admit of question, that such a verdict cannot be overthrown by affidavit ? In *Roe* v. *Dawson*, cited for the plaintiff, the Court say, in terms, " the writ ought to have pursued the verdict ;" and, because it did not, the possession was restored. The verdict there was for $\frac{5}{8}$ only, and, *quoad hoc*, it was special. *Denn* v. *Purvis*, also cited for the plaintiff, maintains the same doctrine. It is denied that this judgment is on the special verdict, and insisted that it refers to the declaration. Is it meant by this, that the plaintiff will be entitled to take the whole 5 acres ? It is not pretended that the tenant was ever in possession to that extent. Then the declaration can be no guide. The jury say, they try the title to certain property marked upon the map which makes a part of their verdict ; and the Court are asked to execute that verdict upon other land, on the same map, which was not in the defendant's possession ; because the verdict is alleged to be inac-

curate, by *ex parte* affidavits. Are we to be ousted of our freehold in this manner? It has been long settled, that the rights of parties are not thus to be trifled with. (*Ex parte Reynolds*, 1 *Caines' Rep* 500.) If the verdict cover nothing, the plaintiff cannot have execution at all.

It is conceded, that the generality of the declaration may be restrained by the proof at the trial, and the extent of the defendant's possession—*a fortiori*, may it by the description in the special verdict. What is the object of the writ? It is to carry into effect the judgment of the Court alone. This judgment is rendered upon the description of the special verdict. You cannot go beyond this, even though the defendant may have admitted, in the clearest terms, that it was too narrow. You might as well send out execution for double the amount of a judgment in debt, because the defendant had admitted that, by mistake, the judgment was too small by one half. It is not enough to say, that the Court will correct the plaintiff if he grasps too much. They ought not to sit still and see an injury committed, because they have the power to redress it. Preventive justice is, in these cases, the most useful and important, and it accords with the course of the Court. Such was the case of *Jackson* v. *Van Bergen*, (1 *John. Cas.* 101 ; 7 *T. R.* 118, *note, S. P.*) The counsel examined the affidavits, maps, and other proofs before the Court upon the motion, as to the location of the special verdict, and contended that it covered nothing of which the tenant was in possession ; and that, therefore, the writ of possession could have no effect whatever. They concluded by citing the following additional authorities, as to the conclusive nature of a record and special verdict : *Witman* v. *Earl of Derby*, (1 *Wils.* 55) *Jenks* v. *Hallet.* (1 *Caines' Rep.* 64) *Taylor* v. *Horde*, (1 *Burr.* 114) *Crosswell* v. *Byrnes*, (9 *John. Rep.* 287) *Dunscombe* v. *Wingfield*, (*Hob.* 262) *Phil. Ev.* 2d *Am. ed.* 218 ; *Bradish* v. *Gee*, (*Ambl.* 229) *French* v. *Shotwell*, (5 *John. Ch. Rep.* 564)—and as to the extent of the plaintiff's right in taking possession upon the writ, 2 *Dunl. Pr.* 1048.

UTICA,
Aug. 1824.

Jackson
v.
Rathbone.

*E. Williams*, in reply, confined himself to the question, whether the location, according to the description in the special verdict, would include the premises of which the plaintiff sought to obtain possession. He examined the proofs before the Court, and contended that the plaintiff had attempted to take possession of no more than was covered by the special verdict.

The cause was argued in *May* term last, and remained under advisement to the present term, when,

WOODWORTH, J. delivered the opinion of the Court. He said the Court were with the counsel for the defendant, that, although upon a general declaration, and a verdict and judgment equally general, the plaintiff might take possession at his peril, subject to be put right by the Court if he took more than the premises in question upon the trial; yet, where there is a special verdict, as in this case, locating those premises, the parties and Sheriff should be guided by this. He then went at large into the facts, and added, that the Court had very carefully examined the questions which had been raised upon them, as to the location, and were satisfied that the directions by the attorney of the plaintiff, to the Sheriff, did not go beyond the description contained in the verdict, and that a rule must, therefore, be made upon the Sheriff, that he deliver possession pursuant to those directions.

Rule accordingly.