Jackson
v.
Stiles.

JACKSON, *ex dem.* SUTHERLAND and others, *against* STILES, ARTHUR, tenant.

In ejectment where the rights of the defendant are not affected by the proceeding, or he consents, the name of a lessor may be stricken out on motion in his behalf, at any stage of the proceedings, though he originally consented to its insertion; on paying his share of the costs to the plaintiff's attorney.

Inserting the word judgment in the entry of the tenant's default for not appearing, &c. in an action of ejectment will not alter the legal effect of the entry; but it will, notwithstanding, be good; and the word judgment may be rejected as surplusage.

Following this by a rule for judgment generally, without saying against whom; *held*, a good rule for judgment against the casual ejector.

Where the plaintiff on judgment by default, against the casual ejector, on a writ of possession, took possession of the whole premises, it appearing that he had no title to three sixths, he was ordered to restore so much to the defendant.

EJECTMENT. On the 16th of December, 1825, the tenant having neglected to appear and enter into the consent rule, the plaintiff's attorney, on the usual affidavit of service, entered a rule in the common rule book, that the tenant appear and enter into the consent rule in twenty days, or judgment against the casual ejector by default. This rule not being complied with, on the 24th of January, 1826, he entered a rule for judgment against the casual ejector by default; and on the 27th day of February thereafter, a rule for judgment generally, without stating against whom. Previous to the judgment, the defendant had extinguished all the rights of the various lessors except to $\frac{3}{6}$ of the premises in question; notwithstanding which, the plaintiff had perfected judgment for the whole; and taken possession generally, by writ of possession. Sutherland now made an affidavit that he never had retained the attorney for the plaintiff to bring the action; but he was fully contradicted by affidavits on the part of the plaintiff.

On papers disclosing the above facts,

*J. Story*, in behalf of the tenant and Sutherland, now moved that the default, and all subsequent proceedings, be set aside for irregularity; and that, at any rate, Sutherland's name should be stricken from the proceedings.

*M'Kissock* and *T. J. Oakley*, contra.

*Curia.* Sutherland has a right to have his name stricken from the proceedings, on paying his proportion of the costs to the attorney for the plaintiff. A lessor in ejectment may discontinue in this way at any stage of the proceedings,

where the rights of the defendant to costs are not affected; or he consents, as here, that it may be done; although such lessor may have originally retained the attorney who brings the suit. It does not, in general, lie with his co-lessors to object.

NEW YORK,
May, 1826.

Bank of Utica
v.
Hillard.

There is no ground for setting aside the default and subsequent proceedings. Though the rules may not have been aptly or fully drawn; yet, looking to the nature and purpose of the action, and the times at which they were entered, their meaning cannot be mistaken. Inserting the word judgment in the rule for the default, will not vitiate it, or alter the legal effect. The word may be rejected as surplusage.

Upon the same principle the words, " against the casual ejector" may be supplied in the final rule, which orders judgment generally without saying against whom.

But the plaintiff has taken possession beyond his right. The execution of the writ of possession was unqualified; though, as appears fully from the papers, the right to three-sixths of the premises in question was extinguished. Let the defendant be restored to so much. No costs are allowed on either side.

*Rule accordingly.*