CALLISON, et al. *versus* LEMONS.

In an action of trespass, assault and battery, against several, the jury, upon executing a writ of inquiry, must find a joint verdict against all the defendants, and cannot assess separate damages.

A plea being double, (provided it contains any one substantial defence,) is not a defect of substance ; but is a redundancy which, whether of good or bad matter, will not vitiate.

Objection to the time of filing a plea, is waived by a demurrer thereto.

A plea, to an action of trespass, assault and battery, *that the assault and battery were committed beyond the jurisdiction of the Court*, is not available.

A plea, alleging *that the defendants were served with process out of the county of B*, in the Cherokee nation, held bad, without the further averment, *that the defendants were not residents of the county of B*—as by the act of 1818, process was authorised to be served in Indian lands, upon any one, *resident* of the county, from which issued.

Lemons commenced an action of trespass, assault and battery in the Circuit Court of Blount, against the plaintiffs in error. Fields, one of the defendants below, filed a plea in abatement, averring, that he was not resident of the county of Blount, but of the Cherokee nation, out of the limits of said county, where process was executed upon him. The other defendants joined in a plea of like character, but which only alleged that the assault and battery were committed out of the jurisdiction of the Court, and that the process was served out of the county of Blount.

The Court below, sustained a demurrer to all the pleas, and no further plea being offered, a judgment by default was taken against the defendants.

On executing a writ of inquiry, the Court instructed the jury to render a joint verdict against all the defendants, which was done accordingly.

A writ of error being taken here, it was insisted,

1st. That the Court erred in its instructions to the jury, to render a joint verdict against the defendants.

19

2d. That the Court erred in sustaining a demurrer to the pleas in abatement.

PECK, for Plaintiff—cited *Ala. Rep.* 380—1 *Lord Raymond*, 509—*Comyn's Dig. Pleader.*

ORMOND, *contra.*—1 *Stewt.* 521—5 *Bur.* 2792.

By Mr. Justice THORNTON:

This was an action of trespass, assault and battery, brought against the plaintiffs in error, by the defendant, in the Circuit Court of Blount county. The plaintiffs severed in their pleas: Fields, one of them, pleading alone in abatement; and the others uniting in a similar defence. A demurrer was taken, and sustained to both of those pleas, and the plaintiffs in error failing to plead over, a judgment by default was entered against them, and an inquiry of damages had by the jury, and judgment of the Court thereon.

The cause is here by writ of error, and the assignment questions the legality of the judgment sustaining the demurrer; as also a charge of the Court to the jury, whilst executing the writ of enquiry. As to this last point, there can be no doubt that the charge of the Court, which was, that the jury must find a joint verdict against all the defendants, and could not assess separate damages, was entirely correct.

I will proceed then to consider the other error assigned, which involves the validity of the two pleas in abatement. The plea of the defendant Fields, I think, is substantially a good one. The objection to it, for the time of filing it, was waived by the demurrer: and its alleged duplicity, is a defect not now available, because of our statute of *jeofails*, which gives to all demurrers the effect only of general demurrers; and the plea being double, provided it contain any one substantial defence, is not a defect of

substance; but is a redundance, which, whether it be of good matter, or bad, does not vitiate. *Utile, per inutile non vitiatur.* This plea contains, though blended with other matters, these positive averments, viz: That the defendant at the impetration of the writ, was not a resident of the county of Blount, but of the Cherokee nation, out of the limits of the said county, and out of the jurisdiction of the Court; and that the said writ of *capias ad respondendum* was executed upon him, without the limits of the said county, and of the jurisdiction of the Court. Now, the demurrer which admits these facts, can only be sustained by affirming the proposition, that a defendant can be sued by a process from the court of a county in which he does not reside, and be arrested in virtue of said process, by the sheriff of that county, beyond its limits, and beyond the limits of the jurisdiction of the Court, of which he is the ministerial officer. This, I apprehend, cannot be maintained; so, without considering the other matters embraced in this plea, we conclude, that it was good, and of course, that there was error in the decision of the Court, adverse to it.

With regard to the plea of the other defendants, I think the demurrer was properly sustained. It discloses no facts which authorise the conclusion, that the service of the process, which it seeks to abate, was not lawful. The plea contains but two distinct facts;—first, that the assault and battery complained of, was committed out of the jurisdiction of the Court; which, this being a transitory action, is wholly immaterial, either in bar, or abatement; and secondly, that the process was served out of the county of Blount, in the Cherokee nation. Now, this latter fact, does not prove the service to be bad; without the additional averment, that the defendants were not residents of the county of Blount; for, by the act of 1818,[a] pro-

[a]Aik. Dig.279, § 115.

cess was authorised to be served in the Indian lands, upon any resident of the county from which the writ was issued.

The judgment must be reversed, and the cause remanded.