## HOWARD AND HOLMAN v. KENNEDY'S Exr's.

1. The judgment in ejectment is binding only on the parties thereto and their privies; and one whose possession is distinct from that for which the action is brought, cannot be ousted by an execution. But the defendant by a transfer of his possession *pendente lite*, cannot defeat the action; the plaintiff, notwithstanding, may proceed to judgment and eject the assignee.

2. Where under a judgment by default against the casual ejector, a person in possession who was a stranger to the proceeding, and claiming under a title *prima facie* valid, distinct from and disconnected with the plaintiff's, is ejected, the judgment and execution may be set aside, and the person thus ousted let in to defend the action.

3. When a motion by one, who shows *prima facie* that he was illegally dispossessed under a judgment and execution in ejectment, has been made to set the same aside; is overruled, the plaintiffs in the motion may prosecute a writ of error.

WRIT of error to the Circuit Court of Mobile.

This was a motion by the plaintiffs in error, at the Spring term of the Circuit Court in 1842, to set aside a judgment by default, rendered at the preceding term, in an action of ejectment, in which Doe ex dem Kennedy's executors was plaintiff, and Isaac H. Lewis and Norman Otis, were tenants in possession. The motion was founded on these facts: It appears by affidavits filed, that the lessee of the plaintiffs in error, in November, 1836, brought an ejectment in the District Court of the United States at Mobile, for the recovery of a lot in the City of Mobile. This lot was then in possession of one Ingraham, as the lessee of the representatives of Thomas Mather, deceased, who claimed title as derived from the same source as the title

the plaintiffs were seeking to enforce; and consequently adverse to theirs. Service of the ejectment was made on Ingraham, and the action was fully defended by counsel. In May, 1838, a verdict and judgment were rendered for the plaintiffs; on the 17th July thereafter, a *Habere facias possessionem* was issued, and on the next day the plaintiffs' attorney was put in possession by the Marshal. At the time of the execution of this writ, Lewis and Otis were the lessees of Mather's estate, but had left the city and no one was in the actual occupancy. The attorney of the plaintiffs continued to occupy the premises for them up to 1840, when he let Mr. J. C. Gwin into their possession, as a tenant, to the first of November, 1842.

On the 18th April, 1838, the testator of the defendants' lessors brought an action of ejectment in the Circuit Court of Mobile, for the recovery of the south half of the same property, of which notice was given to Lewis and Otis, the tenants in possession. The plaintiffs' attorney, who seems to have managed the property for their benefit, explicitly denies all notice of the pendency of the suit; and avers that he does not believe that the plaintiffs or any of their tenants were informed of it. Lewis and Otis did not appear to defend, and a judgment by default was rendered against the casual ejector; and on the 6th of May, 1842, the executors of Kennedy were put into possession of the part of the premises claimed in their declaration.

The validity of the claim of Kennedy's executors to the property in dispute, depends upon the settlement of a question of boundary, which has never been adjudicated; though the line heretofore recognized by old proprietors, is adverse to its establishment. *Further*, five or six other suits, involving the same inquiry, have been pending for several years, and still are undetermined.

The attorney of the plaintiffs further declares, that from the evidence that has come to his knowledge, he entertains a confident belief that Holman and Howard can successfully defend their possession, if permitted, against the claims of the defendants in error. The Circuit Court overruled the motion, and its judgment thereupon is here assigned for error.

ADAMS, for the plaintiffs in error. A judgment in ejectment

ascertains the plaintiffs right of possession, only as against the defendant and those in privity with him. It does not operate *in rem.* Hence, if pending the action, the defendant is evicted by a stranger, the suit will abate on plea. [Com. Dig. Abatement, H. 54; 14 Mass. Rep. 490.]

The judgment in ejectment gives no right of entry as against one not a party to the action. [1 Marsh. Rep. 333-4; 2 id 40; 7 J. J. Marsh. Rep. 626; 1 B. Monr. Rep. 232; 5 Monr. Rep. 540-1.] In cases analagous to the present the remedy is by writ of restitution. [5 Taunt. Rep. 204; Adams on Ejectment, 306, n. 1, 2; Marsh. Rep. 40; Pet. C. C. Rep. 444-5; 2 Hals. Rep. 161; 7 id. 277; 1 Caine's Rep. 500; 3 Cow. Rep. 291; 5 id. 418; 9 id. 233; Mitchell Arguendo.] Here we are willing, if placed in possession, to defend the action of the defendants in error, without a suit *de novo* being brought against us.

As to the right of a landlord to defend where his tenant is sued, see 3 Burr. Rep. 1290; 1 Bibb Rep. 128; Pet. C. C. Rep. 444; 6 J. J. Marsh. Rep. 34.]

A writ of error has been allowed in cases somewhat analagous. [Minor's Rep. 250; 1 Stewt. Rep. 385; 1 S. & P. Rep. 158, 159, 187; 7 Porter's Rep. 55; 9 id. 686; 2 Ala. Rep. N. S. 140; 1 Marsh. Rep. 333-4; 2 id. 40; 1 Bibb's Rep. 128; 3 id. 366; 4 id. 88; 6 J. J. Marsh. Rep. 34; 3 Binn. Rep. 275; 12 Johns. Rep. 31, 67.]

STEWART, for the defendant, insisted a writ of error would not lie in a case like the present; that the refusal to allow the motion was not such a definitive sentence or judgment as an appellate Court would revise. The practice in England or the United States, independently of *local rules* of practice, would not sustain a motion such as was submitted to the Circuit Court. There is no pretence that any rule of this Court, previous to those adopted at the last term would authorize it.

COLLIER, C. J.—The questions to be considered are—1. Against whom does the judgment in ejectment operate? 2. Is it competent for the Court rendering the judgment, after the writ of *Habere facias possessionem* has been executed, to set aside the execution and judgment, and let in a stranger, (hav-

ing *prima facie* a valid title,) to defend, who it appeared was not in privity with the defendant? Is the refusal to set aside a judgment and execution under such circumstances revisable on error?

1. The judgment in ejectment determines the right of the plaintiff to recover of the defendant; and is binding only on the parties thereto and their privies; consequently, no tenant whose possession is distinct from that for which the action was brought, can be ousted by an execution. Thus in ex parte Reynolds, [1 Caine's Rep. 500,] the Court say, " It is a settled rule of practice, that no tenant who was in possession anterior to the commencement of an ejectment, can be dispossessed upon a judgment and writ of possession to which he is no party." [See also Chiles v. Stephens, 1 Marsh. Rep. 333; Kircheval et al v. Ambler, 7 J. J. Marsh. Rep. 626.] But the defendant cannot, by a transfer of his possession, *pendente lite,* defeat the action; the plaintiff may, notwithstanding, proceed to judgment and eject the assignee. If the law were otherwise, it would be in the power of the defendant to put the plaintiff to his new action as often as he thought proper to assign. [Jackson v. Tuttle, 9 Cow. Rep. 239-40.]

2. This is a novel question in this Court, and we must consequently be guided by principle and the decisions of other judicial tribunals. In Doe ex dem Troughton v. Roe, [4 Burr. Rep. 1996,] a judgment was regularly obtained against the casual ejector by default; the landlord of the premises moved to set aside this judgment, because his tenant had not given him notice of the action. The plaintiff insisted, that his judgment being fairly and regularly obtained, could not be affected by the failure of the tenant to notify his landlord. But the Court were, however, of opinion that possession ought not to be changed by a judgment in ejectment, where there has been no trial or opportunity of trying; the rule which requires service upon the tenant in possession, is with the view that the tenant should give notice to his landlord, that the cause may be tried between the parties interested in the question. It was accordingly ordered, that the judgment signed in the cause, and the writ of possession issued thereon and executed, be set aside— that the costs occasioned by the judgment and taking possession, together with the costs of the motion be paid by the ten-

ant in possession—and that the landlord of the tenant be made defendant (as in the conditional rule,) and that he shall not upon the trial of the issue to be joined between the parties, set up an unsatisfied term or any trust estate to defeat the lessor; and also to admit the lessor was siezed of the premises in question. To the same effect is Doe ex dem Grocer's Company v. Roe, [5 Taunt. Rep. 205.] So in Den ex dem Sheppard v. ————, [2 Hals. Rep. 161,] the attorney for the plaintiff at the preceding term, had signed a judgment by default against the casual ejector, and issued a *Habere facias possessionem* in vacation, which had been executed. The defendant moved the Court to set aside the judgment and execution, upon an affidavit that plaintiff's attorney had agreed to draw up and exchange consent rules with the defendant's attorney; this being relied on, defendant gave no farther attention to the suit, and judgment was entered without defendant's knowledge, though he had a good defence. It was insisted, that although the judgment should be set aside, the *Habere facias possessionem* could not be avoided, or any order made for the restitution of the premises; but the Court directed that the judgment and execution be set aside, and a writ of restitution issue upon the payment of costs.

Where it is shown to the Court by affidavit, that one having no privity with the defendant, but in possession anterior to the commencement of the action, is turned out by a writ of possession against another, a writ of restitution will issue to restore him to the possession from which he has been irregularly ousted. [Ex parte Reynolds, 1 Caine's Rep. 500.] And in Chile's v. Stephen's [1 Marsh. Rep. 333,] it was determined, that if a man was turned out of possession by *Habere facias possessionem*, who was neither party or privy to the judgment, he may maintain a writ of forcible entry and detainer. In that case, one of the Judges thought a writ of restitution was the proper remedy; this was not denied by the others, who were of opinion that it was not the exclusive remedy. See also, Stephens v. Chiles, [1 id. 334,] in which it was adjudged, that the party ousted having elected to proceed for a forcible entry and detainer, was not entitled to a writ of restitution.

Adams in his treatise on ejectment [225], thus states the law on this point : "Judgments against the casual ejector, irregu-

larly obtained, will, as a matter of course, be set aside ; and as the situation of claimant and defendant in ejectment are materially different, the Courts are liberal in their rules for setting aside judgments against the casual ejector, although really signed; and will grant them even after execution executed, upon affidavit of merits, or other circumstances, which at their discretion they may deem sufficient.    The regular mode of setting aside such judgments, is by rule of Court, for the party having obtained the judgment to give up the possession; but if the circumstances of the case do require it, the Courts will order a writ of restitution to be issued." [See Jackson ex dem. Norton v. Stiles, 3 Caine's Rep. 133 ; Jackson ex dem. Eden et al. v. Rathbone, 3 Cow. Rep. 291; Jackson ex dem. Sutherland et al. v. Stiles, 5 Cow. Rep. 418; Den v. Johnson, 7 Hals. Rep. 277; Jackson v. Stiles, 4 Johns. Rep. 489 ; Jackson v. Hawley, 11 Wend. Rep. 182.]

In the case before us, it is shown by the affidavit of the counsel of the plaintiffs in error, that the parties to this cause claim under titles adverse to each other, that the plaintiffs recovered the possession of the premises by verdict and judgment in ejectment, prosecuted against the lessee of the representatives of Thomas Mather, deceased.    The defendants recovered a judgment by default against the casual ejector in an ejectment, of which other lessees of the representatives of Thomas Mather, deceased, had notice, and under a *Habere facias possessionem* thereon issued, they were put in possession. The plaintiffs were in possession under their judgment, almost four years before they were ousted.    Of the pendency of the defendants suit, neither the plaintiffs or any of their tenants, had notice.    It further appears, that the validity of the claims of the respective parties, depends upon the adjustment of a question of boundary, which has never been adjudicated ; although several suits involving the same question, have been pending for years.    The plaintiffs counsel declares his confidence in the superiority of their title.

If the authorities cited correctly ascertain the law, it is perfectly clear that the plaintiffs have been irregularly ousted, and that the Circuit Court should have caused them to be restored to the possession.    The judgment in the action prosecuted by the defendants, did not determine the validity of the plaintiffs

title or their right to the possession; it was decisive of no question in which they were interested, and could in no manner prejudice their rights. The titles set up by the respective parties, are wholly distinct from each other, and it could only have been ascertained by suit litigated by them, who had the superior claim to the premises. It seems to us unnecessary to extend our views on this point, as a mere comparison of the facts with the citations we have made, sufficiently show what is the law applicable to the case.

As the judgment of the defendants does not at all affect the plaintiffs, (the tenants to whom they gave notice of their action having no connection with their title or possession,) it might perhaps be questioned, whether any terms should be annexed to setting aside the execution and restoring them to the possession. But we decline considering this question, as the plaintiff voluntarily consents that the ejectment may be reinstated, and to defend against the same.

3. In respect to the last question, we consider it closed ·by previous decisions of this Court. In Creighton v. Denby, [Minor, 250,] a judgment of the Circuit Court refusing to quash an execution was reversed on error. And in Wilkerson v. Goldthwaite, [1 Stew. and P. Rep. 159,] a judgment of the Circuit Court upon a motion to allow a judgment to be amended *nunc pro tunc*, was held revisable on error; especially as the costs of the motion were ordered to be taxed against the plaintiff in error. This case is precisely analagous in principle to the one at bar. We might add other authorities from our own reports, if it were necessary, but those cited are sufficient to show that the writ of error should be entertained.

The consequence is, the judgment is reversed and the cause remanded.