## HALL v. HILLIARD.

1. An order cannot be made in vacation, at the instance of a stranger to the judgment, to arrest the execution of a writ of *habere facias possessionem*, although, after its execution, if improperly turned out of possession, he may, in certain cases, on motion to the Court, be restored to the possession.

Error to the Circuit Court of Mobile.

This was a petition by the plaintiff in error to the Judge of the sixth judicial circuit, praying an order to restrain the sheriff from executing a writ of *habere facias possessionem* which had issued upon a judgment to which he was not a party. The Judge granted the order in vacation, and at the return term of the writ, on motion of the plaintiffs in the judgment, quashed the order so made. From this judgment, this writ is prosecuted by the petitioner, who assigns for error the judgment of the court, quashing the restraining order.

CAMPBELL, for plaintiff in error.
ADAMS and J. GAYLE, *contra.*

The cause was submitted without argument.

ORMOND, J.—In the case of Howard and Holman v. Kennedy's ex'rs, [4 Ala. Rep. 592,] this court held that it was competent for a court which had rendered a judgment in ejectment, to set aside the writ of *habere facias possessionem*, after it had been executed at the instance of a stranger, not in privity with the defendant, and having *prima facie*, a valid title to the premises from which he had been ejected. The ground of that decision was, that one was turned out of a possession *prima facie*, valid by the process of the court issuing upon a judgment, to which he was not a party, and of which he had no notice, and therefore no opportunity to defend against, and might sustain irreparable injury, if the court did not interpose in this summary mode, and prevent the abuse of its process.

In the present case, the application is not to restore the party to a possession of which he has been improperly deprived, through the medium of the process of the court, but is an effort by a stranger to the judgment, to restrain the sheriff from executing the process which has regularly issued upon it.

This application appears to us entirely novel—our researches have not enabled us to find any case in which it has been allowed; and its allowance appears to us to be pregnant with so much mischief, and the practice to be so liable to abuse, that we are unwilling to set the precedent.

Upon a motion, by a stranger to the judgment, to vacate the writ of possession executed, the title under which he claims the extraordinary interposition of the court, is open to be controverted, and he must make out, to the satisfaction of the court, on notice to the plaintiff in the ejectment, at least a *prima facie* title, which the plaintiff did not controvert on oath. For, if the facts upon which the relief was sought were contested, it would not be proper that the court should act in this summary way, but should leave the party as in-other cases, to seek redress in the usual mode.

But, if the application could be made *ex parte*, by a stranger to the judgment, to prevent the execution of the process of the court, the interposition of the court would be frequently obtained on partial or incorrect statements of the facts; and it is not difficult to foresee, that the most mischievous consequences would result from the obstruction which would be interposed to the execution of legal process.

Nor is any such extraordinary remedy necessary to the protection of our citizens. The sheriff is a responsible officer, and acts at his peril, if he exceeds his authority, and as has been shown, if one not a party to the suit, is prejudiced, he may in a proper case, be summarily restored to his rights. Further protection than this cannot be granted without danger of improper interference with the rights of the plaintiff.

From what has been stated, it follows that the Judge should not have granted the prayer of the petition, and by consequence, did not err in quashing the order improvidently made upon it.

Let the judgment be affirmed.