## GRANT *vs.* KENNEDY.

1. A *supersedeas* to restrain the execution of a writ of *habere facias posses-sionem* cannot be granted in vacation on the petition of a stranger to the judgment.

ERROR to the Circuit Court of Mobile. Tried before the Hon. John Bragg.

THIS was a petition by the plaintiff in error to the judge of the sixth judicial circuit, for a *supersedeas* to restrain the execution of writ of *habere facias possessionem,* which had issued on a judgment to which she was not a party. The petition alleged that she claimed title to the premises, but did not set out her title. It also alleged that she had no notice of the pendency of the suit in which the judgment was rendered on which the writ of possession issued, and that her title was in no wise connected with that of the defendant in that suit. The judge granted the order for the *supersedeas* in vacation, and the petition was afterwards dismissed on the demurrer of the plaintiffs in the judgment.

PHILLIPS, for plaintiff in error:

Judgment in ejectment is binding only on the parties thereto and their privies, and under a judgment by default against the casual ejector, a person in possession, a stranger to the action, cannot be ousted.—Howard & Holman v. Kennedy's Ex'rs., 4 Ala. 592. And where one who is not bound by a judgment is ousted by a *habere facias possessionem,* a writ of restitution is the proper remedy.—Ib.

The case was taken from the docket in 1842, and did not appear again until 1848. This was a discontinuance, which would have rendered the judgment erroneous even against the parties on the record, and if so, the court would not permit an execution to operate against a stranger to the action.—Kennon v. Bell, Ala. 98.

STEWART, *contra:*

The petition and *supersedeas* were properly dismissed. There was no proceeding before the court which the plaintiff was called

on to answer or defend against. The petition had done its office ; it was not a pleading to which the plaintiff could plead. No motion was made, and no proof produced, either at the first or second term. There was no other course than to dismiss the petition. The petition itself contains no merits. It does not set out petitioner's title ; she admits that she came into possession long after the suit was brought, and that Auld was in possession at the commencement of the suit. She cannot claim the benefit of any irregularities in the proceedings against Auld, unless she had a right to defend. As to who may be admitted to defend, see Adams on Ejectment 254, and the American notes and cases there referred to. The petitioner alleges that her claim and possession are totally disconnected from that of Auld. No one can be admitted to defend under any circumstances, whose title is disconnected from, or inconsistent with that of the tenant in possession.—1 Bibb 128; 1 Green 66 ; 5 Mun. 539 ; 1 Caines' R. 151.

PARSONS, J.—After the petition had been in court more than a year, during which time the petitioner made no motion in relation to it, the court, on inspection of the record of the cause in which the writ of possession issued, and of the petition itself, dismissed the petition. The record of that cause is not before us. It is true the case came before the court on a demurrer to the petition, but the court looked into the record of the cause, and the matters and things stated in the petition, and dismissed it. This the court might have done without the demurrer. The petitioner states no particular title in herself, and the other allegations of her petition are insufficient. The case of Hall v. Hilliard, (6 Ala. 43,) is against her, and it is unnecessary to add any thing to what is there said.

Let the judgment be affirmed.