# Smith *et al. v.* Gayle.

### Action of Trespass quare clausum fregit.

1. *Ejectment commenced against parties in possession.*—Ejectment is a possessory action, and since it operates only on the possession, it must be commenced against the person in possession.

2. *Same; defendants to action; who affected by judgment.*—If the tenant in possession is not made a defendant, he can not be ejected under a writ of *habere facias*, issued on the judgment; and if the tenant only is sued, the judgment against him is not evidence against his landlord, unless the latter was joined with the tenant in defense; but all persons who enter into possession pending the suit, are bound by the judgment; and if the landlord, not being made a defendant, receives possession, pending the suit, from the tenant, who alone is sued out, he (the landlord) may be turned out under the writ of possession.

3. *Authority of attorney to superintend execution of process.*—In this State an attorney has a general authority to superintend and direct the execution of process issued on judgments which he has obtained for his clients, and may lawfully give such instructions to the officer executing it, as could be given by his client, and the process will protect him to the extent that it would protect his client.

4. *Action joint or several, against several trespassers.*—If several persons commit a trespass, the injured party may sue them jointly or severally; yet he can have but one satisfaction.

6. *Same; satisfaction by one trespasser as affecting others.*—A release to one joint trespasser, or acceptance of satisfaction from one, discharges all; but an acceptance of partial satisfaction from one, and a receipt or release to that extent, (having effect according to the intention of the parties, Rev. Code, § 2635,) is only available to the other defendants as partial satisfaction.

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. H. D. CLAYTON.

This was an action of trespass, *quare clausum fregit*, brought by appellee, Amaranth L. Gayle, against appellants, James Q. Smith and Thomas W. Armstrong. The complaint is in the usual form, with some circumstances of aggravation alleged. Pleas *puis darrein continuance*, were interposed to said complaint, to which pleas the plaintiffs filed a replication. Demurrers to the replication were interposed and overruled, and issue was then taken on the replication.

The appellee was the widow of one Matt. Gayle, who died in 1867. During and since her marriage, she had occupied the premises described in the complaint, and no dower had been assigned her as the widow of said Matt. Gayle. One L. J. Bryan, as U. S. Deputy Marshal, in June, 1867,

had in hand, from the U. S. District Court for the Middle District of Alabama, a writ of possession, which was produced, commanding him to "deliver to John W. Harper possession of the lands and tenements recovered of Peyton S. Graves, George W. Gayle and M. H. Scoggins, by judgment in said court, at the spring term commencing in May, 1867; (which lands are the same as described in the complaint.") The writ further commanded said deputy, to have made out of the goods and chattels, lands and tenements, of said parties, the sum of damages and costs. Said deputy went, with one Thomas W. Armstrong, to execute said writ and deliver the possession of said premises to Armstrong as the agent of said Harper. The plaintiff was occupying the dwelling house on said lands—also, said Scoggins, one of the defendants. Said deputy informed the appellant (plaintiff), that he was such deputy, and had come in that capacity to take possession and deliver the premises to said Armstrong, as the agent of Harper; and handed her said writ, but she refused to surrender possession. Said deputy then went to Montgomery to see defendant Smith, the attorney of Harper, and get instructions. Whereupon, Smith wrote the following: "Permit Mrs. Gayle to occupy sufficient rooms in the dwelling house—the balance to be delivered up to Scoggins and Armstrong, with keys. Get possession of the office, move out the furniture, and deliver possession and the keys to Armstrong. Get keys of warehouse and deliver same to Armstrong. Take list of articles there until I notify owner to take them away." The deputy asked Smith what he should do if resisted, and Smith replied, "You must execute the writ." With these instructions and the writ, said deputy went, in company with Armstrong and another party, the next day, and showed the plaintiff his instructions, and she refused to surrender, but said that if said deputy came to use force—said deputy replying that he was prepared to use force if necessary—she would yield. Upon this the furniture was removed and the instructions of Smith carried out. Plaintiff's furniture was removed and she left the same day. Armstrong took and remained in possession until the trial.

Defendants introduced in evidence the transcript from the U. S. Court of the recovery of judgment for said lands, as set out in the writ. They also introduced evidence tending to show that the plaintiff had rented (let) the premises, after her husband's death, to her son and another person "for the rest of the year 1867," and that they, as her tenants, were in possession at the time said suit of Harper was commenced in the U. S. Court, and also at the time said deputy levied his writ and took possession.

[Smith et al. v. Gayle.]

Smith, as the attorney of Harper, was never on the premises, and had no further connection with the trespass than is shown above; said Armstrong was appointed by him as the agent of Harper, and he had no control over him after said appointment, nor had exercised any control over the premises. The defendants further introduced evidence of a bill filed by plaintiff against Harper and Armstrong, by which she recovered her dower in said premises. On the 3d day of February, 1876, said Harper paid her $3,000, for which she executed an instrument releasing and giving up all claim to her interest, &c., in said premises, but not to prevent her from asserting or recovering in any suit, from said Armstrong, the difference between said $3,000 and the amount of judgment recovered by her against' said Harper and Armstrong.

The court charged the jury—the defendant excepting—that "the writ of possession in the hands of the deputy marshal did not authorize the defendant Smith or Armstrong to have Mrs. Gayle put out of possession of the premises." The giving of which charge, with other rulings of the court, is now assigned as error.

RICE, JONES & WILEY, and ELMORE & GUNTER, for appellants. 1. The charge given by the court should have been refused. Smith's authority, as the attorney for the Harpers, continued for the purpose of controlling the process for the execution of the judgment.—*Albertson, Douglas & Co. v. Goldsby*, 28 Ala. 711. The charge ignored all the evidence in favor of defendants, and assumed as true every thing in favor of the plaintiff, and was calculated to mislead.

2. The general rule is, that a release to one of several co-debtors or co-obligors is a discharge of all, whether in judgment or not, and so of a satisfaction of the demand. This rule extends also to torts.—*Moreton's case*, Croke's Eliz. 30; *Cocke v. Jenner*, Hobart, (Mar.) 66; *Parker v. Lawrence*, Ib. 70; *Kiffin v. Willis*, 4 Mod. 379; *Knickerbocker v. Colver*, 8 Cow. 111; *Gould v. Gould*, 4 N. H. 173; *Abel v. Forgue*, 1 Root (Conn.) 502; *Brown v. Marsh*, 7 Vt. 327; *Eastman v. Grant*, 34 Ib. 387; *Gilpatrick v. Hunter*, 11 Shepley, 18: *Allen v. Craig*, 2 Gr. (N. J.) 102; *Benjamin v. McConnell*, 4 Gil. (Ill.) 536; *Rice v. Webster*, 18 Ill. 331; *Ellis v. Bitzer*, 2 Hane (Ohio), 293; *Ayre v. Ashmead*, 31 Conn. 447; *Stone v. Dickenson*, 7 Allen, 26.

3. As to the reservation in the release, and in the decree, to proceed against Armstrong to collect the balance of the joint decree, it is void. If a gift or grant be made, with a proviso or condition inconsistent with or repugnant to it, the

VOL. LVIII.

proviso or condition is void. The same principle applies to a release.—*Benjamin v. McConnell*, 4 Gilman, 536; *Rice v. Webster*, 18 Ill. 331; *Ellis v. Bitzer*, 2 Hammond, 293; *Ayre v. Ashmead*, 31 Conn. 447; *Allen v. Craig*, 2 Green. 102.

4. There can be but one satisfaction for one trespass. Though committed by a dozen, it is still but one trespass.— *Layman v. Hendrix*, 1 Ala. 212; *Fire, Mar. Ins. Co. v. Cochran*, 27 Ala. 228.

T. H. WATTS and D. S. TROY, with whom was H. C. TOMPKINS, *contra.*—1. The charge given by the court was correct; there was nothing in the writ of possession which authorized the marshal to put Mrs. Gayle out of possession of the premises. The suit was not against her, the writ did not name her.—See *Gayle v. Smith et al.* June term, 1874.

2. Under the most favorable circumstances the defendants were only entitled to a deduction for the amount actually paid by Harper, viz: $3,000.—See *Snow v. Chandler*, 10 N. H. 92, 94; *Chamberlin v. Murphy et al.* 41 Vt. 110–120; 1 Wat. on Trespass, p. 72, § 67, and notes on p. 73.

3. The settlement with Harper does not raise the question of release of the cause of action set forth in the complaint in this case.

4. The question whether the release operated as a full discharge to Armstrong of the amount of the decree in chancery or only to a satisfaction *pro tanto*, is not really now involved in this case. For the plaintiff, by order of the court, treated the payment of the $3,000 as a full satisfaction of that decree, and, the decree thus satisfied, a *pro tanto* satisfaction of the damages plaintiff had a right to recover in this action of trespass. No damages except those resulting from the continued *use and occupation* of the premises were disputed, either by the pleas or by the charges asked. As to all other damages, there was no defense interposed by plea or by any charge refused. In this action of trespass the amount of the rents, income and profits, *could not be recovered.*—See Sedgwick on Damages, 148, and authorities cited.

5. In this case the pleas did not go in bar of the action, but the recovery of plaintiff in the chancery suit and the payment of the $3,000 by Harper, were pleaded in mitigation of damages. The point made by appellant's counsel does not arise here, for the pleas did not raise the *issue* as to the effect of the release to Harper on this action of trespass *quare clausum fregit.*

BRICKELL, C. J.—This cause was before this court at the June term, 1874. The material question then presented

[Smith et al. v. Gayle.]

and decided was, that the record of the judgment in the ejectment suit in the United States Circuit Court in favor of Harper against Graves, Scoggins and Gayle, who were tenants of the appellee, was not evidence against the appellee of the right of the plaintiff therein to recover, and the writ of possession issuing on that judgment did not authorize her ejectment from the premises.

The record now presents a different state of facts and a different question. The appellants, as we are informed by the bill of exceptions, introduced evidence tending to show that, prior to the institution of the ejectment suit, the appellee had rented the premises for the year 1867 to George Watt Gayle and Thomas F. Graves, who, with Scoggins, the other defendant in that suit, were in possession when the suit was commenced, when judgment was rendered therein, and when the writ of possession was executed by ejecting them and the appellee, the term of renting not having expired. The evidence on this point, the bill of exceptions states, was conflicting.

A recovery in ejectment, or in a real action under the Code, like judgments in personal actions, binds only parties and privies.—*Cheval v. Reinicker*, 11 Wheat. 280 (S. C. 2 Pet. 163); *Ainslie v. Mayor of New York*, 1 Barb. 168. A judgment against a tenant, is not evidence against the landlord, unless he was admitted to defend, or in fact joined with the tenant in making defense.—*Hunter v. Britts*, 3 Camp. 455; *Ryan v. Rippey*, 25 Wend. 432; *Leland v. Toney*, 6 Hill. 328. As between the parties, the effect of the judgment is to put the plaintiff in possession; the point decided is, that he has a title to the possession, better than that of either or all of the defendants.—*Atkins v. Horde*, 1 Burr. 113–114; *Chapman v. Armstead*, 4 Munf. 397. The action is possessory, and as it operates alone on the possession, it must be commenced against the parties in possession.—Tyler on Ejectment, 411; *Bonner v. Greenlee*, 6 Ala. 411. A tenant in possession, at and anterior to the commencement of the suit, if he is not made a party defendant to the suit, can not be ejected by the writ of possession, issuing on the judgment. He is a stranger to the judgment, and if in the execution of the writ of possession, he is ousted, the court from which the writ issues, will on proper application restore him.—*Ex parte Reynolds*, 1 Caines, 500; *Howard v. Kennedy*, 4 Ala. 592; *Hall v. Hilliard*, 6 Ala. 43. But all persons entering under, or acquiring an interest from, or entering by collusion with the defendants, subsequent to the commencement of the suit, are privies bound by the judgment.—*Hickman v. Dale*, 7 Yerg. 149; *Waller v. Huff*, 3 Sneed, 82; *Jones v. Childs*, 2 Dana, 25; *Jackson*

*v. Tuttle,* 9 Cowan, 233 ; *Howard v. Kennedy,* 4 Ala. 592.  A landlord receiving possession from the tenant, *pendente lite,* is subject to be dispossessed by the writ of possession, which may issue against the tenant.—Freeman on Judgments, § 171. The principle is, that a party having a distinct possession of the premises, at the commencement of the suit, if that possession is to be disturbed by the judgment and writ of possession, must have an opportunity to defend, or he can not be dispossessed.  If he has not such possession—if that resides in the tenants, who are made defendants, and pending the suit he acquires possession, he is a privy bound by the judgment, and subject to be dispossessed by the writ of *habere facias.*   The title and the right of possession may reside in him, but he must yield to the judgment, and when the plaintiff is put in possession, resort to his action of ejectment, or other appropriate remedy, to assert and enforce his right.  As is said in *Howard v. Kennedy, supra,* " if the law were otherwise, it would be in the power of the defendant, by changes of possession, to protract the litigation interminably."   In an action by the landlord, for the recovery of possession, the judgment against the tenant would not be evidence ; it would be *res inter alias actæ,* as was heretofore decided in this cause.   It is the fact of entry into possession which converts him into a privy, affected and bound by the judgment therein rendered, so far as its execution is concerned.

An attorney, in this State, has a general authority to superintend and direct the execution of process, issuing on judgments he may have obtained for his clients.—*Albertson v. Goldsby,* 28 Ala. 711.  He may give all such instructions to the officer having the process for execution, as the client could give, if personally present, and the process will afford him protection, to the same extent it would pretect the client. If the appellee had not possession of the premises at the commencement of the suit in ejectment; if the possession of the premises was then in her tenants, who were defendants in the suit, and the possession continued in them until the rendition of the judgment, the appellee subsequently entering into possession, before their term had expired, was subject to be dispossessed by the writ of possession.   The appellant Smith, as the attorney of the plaintiff, could properly instruct the marshal, in the execution of the writ, to dispossess her, or any person entering into possession subsequent to the commencement of the suit.   The charge of the court is erroneous, if these were the facts, as the bill of exceptions states, there was evidence tending to prove.   The charge would, however, be correct, if the facts were that at the com-

mencement of the ejectment suit the appellee had possession of the premises. Then the judgment in the ejectment suit would not affect her—the writ of possession would not be an authority for the disturbance of her possession : and the marshal ejecting her, the plaintiff, his agent, or attorney, commanding, encouraging, or assisting in its execution, would be trespassers. The effect of the charge given, is to exclude from the consideration of the jury, the evidence which tended to show, that at the commencement of the suit in ejectment, the possession was in the tenants, the defendants to that suit, and not in the appellee. The evidence which tended to establish this phase of the case, should have been submitted to the jury; as well as that which was in conflict with it, and the jury should have been instructed as to the law applicable to each state of facts.

The general principle is well settled, that if several participate in the commission of a trespass, the injured party may sue them jointly or severally, but it has never been supposed he could have several satisfactions. If he sues the trespassers jointly, there can not be an apportionment of damages among them, as the jury may suppose the one or the other to have been the more guilty in inflicting the wrong. There must in such case, be a joint, not a separate assessment of damages.—*Callisor v. Lemons,* 2 Port. 145. If the jury should assess the damages severally, it would not be an irregularity which would avoid the verdict necessarily; it would be optional with the plaintiff to have the verdict set aside, and take a *venire de novo,* or he could cure the irregularity by electing to take the damages assessed against either defendant, and entering a *nolle prosequi* as to the others.—*Blann v. Crocheron,* 20 Ala. 320. But if he takes judgment against each one, for the damages assessed against him, it will be reversed on error.—*Layman v. Hendrix,* 1 Ala. 212. Whether several, or only one participate in the trespass, the *injury is single,* and it is compensation for the injury the law contemplates. Hence, it is a general principle, that a release to one joint trespasser, or an acceptance of satisfaction from one, discharges all.—1 Waterman on Trespass, 73, § 68 ; 2 Greenl. Ev. § 30 ; *Stone v. Dickinson,* 5 Allen, 29. The statute in express terms declares, that "all receipts, releases and discharges in writing, whether of a debt of record, or a contract under seal, or otherwise, must have effect according to the intention of the parties to the same."—Rev. Code, § 2685. The purpose of this statute, is to relieve these instruments from the artificial effect sometimes imparted to them at common law, defeating the expressed intention of the parties, or the purpose it was obvious they designed. If the purpose is

[Smith et al. v. Gayle.]

to discharge a debt due by record, or by a specialty, and that purpose is expressed in writing, it is not now material whether the writing is under seal or not; nor is it material though a smaller sum is accepted, than is really due. If the purpose is to release a part only of a demand, and not the whole, or one only of several jointly liable, it is a release only *pro tanto.* No other or greater effect can be given it, than the parties intended. A release to one of several joint contractors, though the creditor should retain the right to proceed against the others, would release them, to the extent that they could demand contribution from their associate who is released. It would have no other operation. The release of Harper, and the acceptance from him of three thousand dollars, on account of the use and occupation of the premises during the period she was deprived of the possession by the trespass complained of, satisfies the plaintiff's right of recovery, in this action, to that extent only. A satisfaction to that extent, it is apparent the parties contemplated, and so it must operate, or the plaintiff would obtain a double satisfaction. If any larger operation was given it, the intention of the parties would be defeated. Harper stipulated for his own release, not for the release of the defendants to this suit. It was partial, not entire satisfaction, he proposed to make, and the plaintiff agreed to accept. The present defendants are benefited, not wronged. Contribution from Harper they could not have compelled, and their liability is lessened by the payment he has made, and the plaintiff has accepted. If the release had been intended to cover the entire cause of action embraced in the complaint—if it had been intended to accept the sum paid, in full satisfaction, such would be its operation, and all who participated in the trespass would be discharged. But it was partial compensation, for the loss of the use and occupation, and the discharge of Harper only, that was intended, and beyond that it is not available to the present defendants— *Snow v. Chandler,* 10 N. H. 62; *Chamberlain v. Murphy,* 41 Vermont, 110.

The judgment must be reversed and the cause remanded.