FALDING W. SKINNER, Appellant, *v.* FREDERICK ODENBACH, Respondent.*

*Judgment for the recovery by the plaintiff of an undivided interest in land — execution for the possession of the whole, set aside — defendant restored to the possession of his undivided interest.*

Where the judgment in an action of ejectment, brought to recover an undivided two-fifths interest in certain premises, awards to the plaintiff therein the possession of such undivided interest, but the execution issued thereon commands the sheriff to put him in possession of the whole premises, and the writ is so executed, the execution is irregular, and the defendant should be restored to the possession of his undivided three-fifths of the premises, but not to the possession of the entire premises.

APPEAL by the plaintiff, Falding W. Skinner, from an order of the Supreme Court, made at the Monroe Special Term and entered in the office of the clerk of the county of Monroe on the 14th day of May, 1894, setting aside the execution in the action and restoring the possession of the premises described in the judgment to the defendant, and directing the sheriff to remove all other persons therefrom.

*J. Van Voorhis*, for the appellant.

*E. Harris*, for the respondent.

DWIGHT, P. J.:

The interest alleged by the plaintiff was an undivided two-fifths of the premises described in the complaint; the report of the referee found him entitled to the undivided two-fifths, and judgment, entered thereupon, awarded to him the possession of the same undivided interest, but the execution issued thereon commanded the sheriff to put him in possession of the whole premises, and the proofs on the part of the appellant tend to show that the writ was executed accordingly.

The execution was plainly irregular in this respect. The Code of Civil Procedure provides for an action by one or more joint tenants "to recover his or their undivided shares" (Code Civ. Proc. § 1500); it also provides for the enforcement of judgment in ejectment by execution (Id. § 1240, subd. 2), but it leaves to the

Revised Statutes the more definite provision for the form and con-
tents of the verdict, the judgment and the writ. (2 R. S. 307,
§§ 23–27.) Thus, by section 23, subdivision 6, it is provided that if
the verdict be for the undivided share or interest it shall specify
such share or interest; by section 26, that if the plaintiff prevail the
judgment shall be that he recover possession according to the ver--
dict; and, by section 27, that the writ of possession shall describe
the premises recovered with the like certainty as above provided,
and shall command the sheriff that he deliver to the plaintiff posses-
sion of the premises so recovered.

Moreover, the rule seems to have been the same at common law
from a very early day. Thus, in 3 Wilson's Reports, at page 49, we
find the case of *Roe ex dem. Saul* v. *Dawson*, reported in full as
follows : " The plaintiff in ejectment, as tenant in common, recov-
ered possession of five-eighths of a cottage with the appurtenances,
and a writ of possession was executed by the sheriff, who turned the
tenant out of possession *of the whole* and locked up the door, as
appeared by the affidavit.

" *Curia*. This is wrong ; the writ ought to have pursued the ver-
dict. Let there be a rule upon the sheriff and the lessor of the
plaintiff to restore the tenant to the possession of three-eighths of
the premises, otherwise he would be forced to bring another eject-
ment for the same."

So in *Jackson ex dem.* v. *Styles* (5 Cow. 418), which was a case of
ejectment for undivided shares, the court says: " But the plaintiff
has taken possession beyond his right. The execution of the writ of
possession was unqualified, though, as appears fully from the papers,
the right to three-sixths of the premises in question was extinguished.
Let the defendant be restored to so much."

So to, in *Jackson ex dem.* v. *Hasbrouck* (5 Johns. 366) the court
said that, where the plaintiff had taken possession of more land than
was recovered by the verdict, the court, on motion, will order a res-
titution. This was a case of several title, but it shows, equally with
the rest, that the court will, on motion in the action, order restitu-
tion when the execution exceeds the verdict and the judgment.

There is another question arising upon the proofs in this case
under which the defendant claims to set aside the execution
altogether and to be restored to possession of the entire premises;

but that question relates to the effect of an alleged oral stipulation, in respect to which the proofs are directly in conflict, and to which, for that reason, we are not at liberty to give effect.

The order appealed from should be modified so as to confine its operation to the restitution to the defendant of the possession of the undivided three-fifths part of the premises, and, as so modified, affirmed, without costs of this appeal to either party.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

So ordered.