BARTON et al. *vs.* LOCKHART.

1. Money paid on an execution, to a sheriff after the day on which it should be returned, will not amount to a satisfaction of the process—and no motion, can be sustained against a sheriff under any of the statutes, for failing to pay it over.

2. The return of "satisfied" on an execution is presumed to be legal; and a sheriff to avail himself of the above principle, will not be permitted to show by the annexation of a date, that the execution was satisfied after the return day.

3. A notice against a sheriff for failing to pay over money, must show that the party intends proceeding for damages, as well as the amount collected and interest; otherwise the former are not recoverable.

In error from Marengo Circuit court.

Lockhart issued a notice to the sheriff of Marengo county, and his sureties, apprising them, that he should move the Circuit court for judgment, for failing to pay over certain money collected by the said sheriff, on an execution in favor of the plaintiff.— The notice stated specially the amount claimed, comprising the principal, interest and costs of the suit, but contained no demand for the damages as provided by the statute. In the course of the trial, the plaintiff below proposed proving, that the money was received on a day previous to that mentioned in the return, and an objection to this proof was overruled by the court. The defendant then moved the court to charge the jury, that if it were not proved that the money was received by the sheriff, while the execution was in force, they must presume it to have been received on the day of the date of the return. The court refused to give this charge, but instructed the jury, that the sheriff was to be presumed to have done his duty, and to have made the

money within the period required by law. On these facts, the jury found a verdict in favor of the plaintiff below, for the principal and interest, and damages at the rate of five per cent. per month; and the charge of the court being excepted to, it was in this court assigned for error:

1st. That the court erred in its charge.

2d. That the court erred in rendering judgment for damages at the rate of five per cent. per month, as the notice did not claim them.

*Lyon* for plaintiff—*Pickens* and *Craighead, contra.*

TAYLOR, J.—The first question made is, what effect has the date of the return on an execution of "satisfied," with respect to the time at which the money was paid. In other words, does it amount to *prima facie* evidence, that the money was paid on the day of the date annexed to such return.

In this case, it seems the date was subsequent to the first day of the term to which the execution was returnable, and the effect of the date is important, because if it amounted to *prima facie* evidence, the burthen was on the plaintiff of proving, that the money was received on an earlier day, to fix the liability of the securities; otherwise the defendants, to exonerate themselves, must prove that the payment was made at the time stated in the return.

It is certainly a general rule, that a sheriff's return, in a suit against him for a false return, is to be received as true, until the contrary appears. But that rule only extends to acts of the kind done by him officially; and wherever it is his duty to act officially, it will be presumed that he has discharged

his duty, unless the contrary appears. To pay the amount of an execution to a sheriff after the return term has arrived, does not amount to a satisfaction of that execution.[a] The execution has become *functus officio*, and no proceeding can be had under it After such payment is made, the plaintiff might sue out another execution, and have the money collected by virtue of it, if the sheriff were to fail to pay the money to him; and no motion can be made against the sheriff for money so received, under any of the statutes : he must be proceeded against as other individuals, who have received money for the use of another; and his securities can not be made liable. When, therefore, a return of " satisfied," is made on an execution, it is to be presumed that it has been legally satisfied, that the money has been paid so as to effect this object; and the sheriff will not be permitted to render his return ineffectual, by annexing a date to it, which would make it inoperative. Dates are never viewed as material parts of instruments, but are always open to explanation ; and in cases like the present, it would be highly improper to permit them not only to control, but destroy the effect of the return.

[a] 4 Rand'hs R. 336.—1 Bibb. 608 ; 5 Littell 19. 1 Stewt. 72.

It also appears, that it is not alleged in the notice that there was any demand made of the sheriff of the money before the institution of the suit. It is true, that the formal allegation, " although often requested," &c. is found in it, but where a special demand is necessary to be averred, this has never been considered sufficient.

The case of *Barton, et al. v. Pecks*,[b] settles the question that a notice under the act of 1825, which is the statute under which the proceedings in this case are under

[b] 1 Stew. & Porter, 486

stood to have been had, must specially allege a demand; but it was also determined in that case that this defect would be aided, if the record showed that proof of that fact was made on the trial. Here there was the verdict of a jury upon an issue made by the parties; which it is believed has the same effect.

From the notice it does not appear that the plaintiff intended to proceed for damages at the rate of five per cent. per month, which the statute gives in cases of this kind; and it is insisted by the counsel for the plaintiffs in error, that there is error in rendering judgment for those damages, when they do not appear to be claimed by the original plaintiff in his notice. To this it is replied, by the counsel for the defendant, that the law makes the damages incidental to the recovery of the debt, and that it is no more necessary that the notice aver the plaintiff's right to recover them, or show that he proceeded for them, than that a declaration in an action of debt on a bond should demand the interest which had accrued on the bond. But that if there was error in this respect, this court would reverse and render judgment for so much as is demanded by the notice.

The statute authorises the plaintiff to recover a heavy penalty, if the sheriff fail to pay the money when demanded, not only against him but his securities also. Securities have always been favored by courts of justice, and this court, by its decisions, has manifested a disposition to go as far in affording them relief, as any other. In a case like the present, every reasonable strictness would be required. There can be no doubt but the plaintiff may proceed for the debt and interest only, without demanding the damages. In this case it appears that such has been his course,

and if he has elected, in the first instance, to demand no more, he will not be permitted to change the nature of his proceedings at the trial, and seek a recovery which he did not ask in the first instance.— This is a statutory proceeding, entirely in derogation of the common law : the right of the plaintiff to recover the penalty, results from his pursuing the remedy as prescribed in the act, and he must bring himself entirely within its provisions, or he can not be aided by it.

A majority of the court are of opinion, that no judgment can be here rendered in favor of the original plaintiff. The judgment below is founded on a verdict; and it is thought, a part of that verdict can not be rejected, and a part retained, to found a judgment upon for the amount thus retained. There is no precedent for it in any decision of this court. For myself, I would be willing to give judgment for the debt, interest, &c. excluding the five per cent. damages, as it clearly appears what the finding of the jury was, as to each particular, and therefore, I think the case comes within the provisions of the 2d section of the act of 1819, " to regulate the proceedings in the courts of law and equity in this state."

That section provides, "that when any judgment, decision or decree of the Circuit court, shall be reversed or affirmed in the court of errors and appeals, it shall be the duty of said court to pass such judgment, decision or decree, as the Circuit court should have passed, except where the damages to be assessed, or matter to be decreed, are uncertain ; in which case the said court shall remand the same for final hearing."

It seems to me that the proper construction of the

section is, that where it is manifest to this court, from the record, what amount should have been recovered by the plaintiff below, either from the verdict of a jury, or otherwise, we should render judgment for the correct amount, although the jury may have found other distinct sums, as in this case, for which the defendant is not responsible.

The judgment is reversed, and the cause remanded.