BROWN & MILTON *VS*. BAKER, SPROULS & CO.

1. It is the duty of the sheriff to return process to the proper court, whether executed or not.

Error to Talladega Circuit court.

Motion to set aside a levy.

The sheriff of Talladega county, levied an execution in favor of the defendants in error, on property in that county, which was claimed by a third person, and surrendered to him. The execution was then sent to St. Clair county, and the sheriff of St. Clair made a levy there, and at a subsequent term of the Circuit court of Talladega, defendants in the execution, moved to discharge the levy made by the sheriff of St. Clair, on the ground of irregularity. This the court declined, and allowed the sheriff of Talladega to amend his endorsement and return.

All of which is now assigned for error.

*Martin*, for plaintiffs in error.

GOLDTHWAITE, J.—The act of assembly, of the twenty-third of December, eighteen hundred and thirty-six, entitled "an act to amend the laws regulating judicial proceedings," (pamphlet acts, 25,) provides, "that all original mesne and final process, issued from any clerk's office in this State, shall be directed *to any sheriff of the State of Alabama;* and it shall be the duty of any sheriff or coroner, if the case requires it, in the State, in whose

hands any such process shall be placed for service, *to execute and return, or to return,* (if it cannot be executed,) the same as required by law, when process is specially directed to him."

It will be seen, that this act expressly directs the officer in whose hands the process is placed for service, to return it, whether it is or is not executed, and the then existing laws in relation to the return of process, were not attempted to be changed. By the statutes in force, when the act of eighteen hundred and thirty-six was passed, sheriffs were required to return all writs and executions to the clerk's office from whence they issued, at least three days previously to the term of the court to which they might be returnable—(Aik. Dig. 279.) Whenever process is returned to the proper court, or its return day has passed, it ceases to have any effect, its mandate having been performed, and if the plaintiff wishes to proceed further, additional proceedings must be had. The counsel for the defendants in error, insists that a construction ought to be placed on the act of eighteen hundred and thirty-six, which will give the most extended effect to the intention of the Legislature, which, he argues, was to give the plaintiff the right, under one writ of execution, to pursue the person or property of the defendant to any one, or, if necessary, to all of the counties of the State. To this, it may be answered, that no such intention can be ascertained from the act itself; there was no defect in the then existing laws, in this respect, to warrant the idea, that such an alteration was contemplated; and full effect can be given to the act, without adopting this construction.

Brown & Milton *vs.* Baker, Sprouls & Co.

Under the previous legislation on the subject of executions, a plaintiff was obliged to sue his writ specially, to be directed to the sheriff of some one county, and it could be executed by no other sheriff. The act of eighteen hundred and thirty-six removes this difficulty, and permits the issuance of the execution to all the sheriffs, leaving the plaintiff to select the one with whom he will place it for service.

An examination of the several statutes then and yet in force, relating to executions, will serve to show that a plaintiff might, and can now, have execution issued to more than one county, he being taxed with the cost of each additional writ; or he might, and can now have successive executions to every county, without incurring expense, by causing the previous execution to be returned, either in vacation or term time. The second section of the act of eighteen hundred and seven, directs that "when any execution shall issue, and the party at whose suit the same is issued, shall afterward desire to take out another writ of execution, at his own proper cost and charges, the clerk may issue the same, *if the first be not returned and executed*"—(Aik. Dig. 159.)

The fourth section of the act of eighteen hundred and eighteen, provides that all executions required to be issued *on a return*, in vacation, shall bear title on the return day of the last execution; and the act of eighteen hundred and twenty-one, before referred to, directs the sheriff to return all executions *at least three* days previously to the term of the court to which they are returnable. The enactments last quoted, sanction and recognise the propriety of a return in vacation. It then appears, that a

9 P 64

plaintiff can, if he chooses so to do, in the first instance, procure execution to be issued to more than one county, by paying the cost of the additional executions, or he can procure a return in vacation, when he has caused the execution to issue to a county where the defendant has no effects, and have another issued, which he can place in the hands of any other sheriff for service, without expense.

We consider the act of eighteen hundred and thirty-six, as imperative on the sheriff in whose hands process is placed, to return it to the proper court, whether executed or not; and this construction renders it unnecessary to express any opinion as to the effect of the amendment made by the sheriff of Talladega, of his return,—the amended return only shewing that an ineffectual exertion had been made to compel the payment of the sum specified in the execution; but it did not authorise the plaintiff to consider the authority of that sheriff determined or gave validity to the execution, when placed in the hands of the sheriff of St. Clair. If it was necessary to make the money in St. Clair, the plaintiff ought either to have procured a return of *nulla bona* to be made by the sheriff of Talladega county on the execution, or he should have procured another writ at his own expense, in the absence of a return of the one already issued, and placed in the hands of the sheriff.

This brings us to the conclusion, that the Circuit court erred in not setting aside the levy made by the sheriff of St. Clair—and for this error, its judgment is reversed, and the case remanded, in order that further proceedings may be had, not inconsistent with this opinion.