## The Farmers' Bank of Chattahoochie v. Reid, sheriff, &c. and Benson, his surety.

1. The payment of an execution to a sheriff, *on the first day of the term of the Court to which it is returnable*, is unauthorised; and if the money is retained by the sheriff, the plaintiff can not recover of him and his sureties, on motion, for the failure to pay it over, on demand.

THIS was a proceeding by notice and motion, in the County Court of Montgomery, at the instance of the plaintiff in error, against Reid, as sheriff of that county, and his surety, for a judgment, for the failure of the former to pay over, on demand, the money collected by him, on an execution issued from that Court, at the suit of the plaintiff, against Samuel Q. Hale.

An issue was made up, and the case was tried by a jury, who found specially, that the execution described in the motion was placed in the hands of the sheriff, while he was in office, as alleged by the plaintiff, and that he received the amount thereof on the *first day of the term of the Court to which it was returnable.* They further found that about fourteen days after the receipt of the money on the execution, the same was demanded of the sheriff by the plaintiff's attorney, but he failed and refused, and still fails and refuses to pay it, and that Benson was at the time of the receipt of the execution and money thereon, and still is a surety of the sheriff in his official bond. On this verdict, the County Court rendered a judgment against

the defendants, for the amount of the execution, with interest, damages and costs.

To review the judgment of the County Court, the defendant sued a writ of error to the Circuit Court, upon which that judgment was reversed and rendered, the plaintiff not desiring the cause to be remanded, and a writ of error has been prosecuted to this Court, with a view to the revision of the latter judgment.

HILLIARD, for the plaintiff in error.
HARRIS, for the defendant in error.

COLLIER, C. J.—It is insisted for the plaintiff in error, that notwithstanding the act of 1821, makes it the duty of sheriffs, "to return all writs and executions to the clerk's office from which they shall issue, at least three days previously to the term of the Court to which they shall be returnable," yet a payment to the sheriff on the first day of the term to which an execution is returnable, and while the same is in his hands, will be regarded as made thereon, and subject the sheriff and his surety to a motion and judgment for not paying over the money to the plaintiff. If the point made by the plaintiff, was *res integra* in this Court, we should be inclined to accord to the argument, great weight, and perhaps be constrained to admit its justness. But there are several cases adjudicated by our predecessors, which have been too long acted on to authorise us to treat the question now raised, as open for consideration, and our duty may be sufficiently discharged by a brief review of the cases.

In Neale, *et al.* v. Caldwell, 3 Stew. Rep. 134, which was a proceeding by motion, against a sheriff and his surities, for the failure to return an execution within the time prescribed by law, the defendants attempted to show in their defence, and as an excuse for not returning the execution, that the same had been levied, and was retained until after the sale of the property, which took place on the first day of the term of the Court to which it was returnable, and that on the next day, it was returned. It was held that the act of 1821, was *inoperative*, and "the simple fact to be determined by the Court, was, had the sheriff returned the execution three days before the term, or rendered a sufficient excuse for not doing so." And further, "the

force of the execution was spent on the return day" and could be no authority to the sheriff any longer, though as the levy vested him with all the legal title of the defendants, he might sell without it. See also Roberts and Battle v. Henry, 2 Stew. Rep. 45. In Barton, *et al.* v. Lockhart, 2 Stew. & Por. Rep. 109, one of the questions raised upon the record was, whether the payment of money to a sheriff after, or on the first day of the Court, to which an execution was returnable, was to be considered in law as a payment thereof, so as to authorise a motion against the sheriff and his sureties for a failure to pay it over to the plaintiff on demand. The Court said, "to pay the amount of an execution to a sheriff after the return term has arrived, does not amount to a satisfaction of that execution. The execution has become *functus officio*, and no proceeding can be had under it. After such payment is made, the plaintiff might sue out another execution, and have the money collected by virtue of it, if the sheriff were to fail to pay the money to him ; and no motion can be made against the sheriff for money so received, under any of the statutes; he must be proceeded against as other individuals, who have received money for the use of another, and his securities cannot be made liable." See also, Bobo and Johnson v. Thompson, 3 Stew. & Por. Rep. 385.

We might add to these citations, a notice of other cases in which their authority has been recognized, but it is deemed unnecessary to extend this opinion to greater length. The decisions cited, serve to show, that the payment of the amount of the execution to the sheriff, on the first day of the term to which it was returnable, *there being no levy previously,* cannot be regarded as the satisfaction of the execution, and that the plaintiff's remedy, is against the sheriff, by action, for money had and received, or against the original defendant, by issuing an *alias* execution.

Whether the sheriff and his surety could have been proceeded against, under the act of 1826, by a suggestion that the money could have been made on the execution by due diligence, is a question about which professional men might differ, and as it is not presented in the case at bar, we leave it to be determined, when it shall arise in judgment.

The judgment of the Circuit Court must be affirmed.