## MORGAN v. DOE ON THE DEMISE OF RAMSEY.

1. The agents of the State Bank and its branches, appointed under the statute, possess the same powers in executing process in favor of the bank conferred on sheriffs, and are bound to observe the same rules.
2. A sheriff has no power to sell land, and pass the title to a purchaser, after the return term of the writ, on which he made the levy, unless new process be issued to him for that purpose.

Error to the Circuit Court of Autauga.    Before the Hon. G. Goldthwaite.

EJECTMENT by the defendant in error, for a tract of land. From a bill of exceptions, it appears, that the plaintiff below, was the purchaser of the land, at an execution sale, and it appearing that the land was sold by the sheriff after the return day of the execution, in virtue of a levy made previous to the return term, without any other writ authorizing him to sell, the defendant moved the court to charge, that the plaintiff could not recover; which charge the court refused to give, and he excepted.    This is assigned as error.

ELMORE and YANCEY, for plaintiff in error.
1. Lands could not be sold under execution, at common

law, and are now subject to sale under a statutory provision. See Clay's Dig. 205, § 17.

2. The passing of title to real estate, by virtue of a levy of *fi. fa.* must be considered a matter *stricti juris*—the prerequisites of the statute must be complied with. Downer v. Harew, 10 Vt. 418.

3. It is the imperative duty of the sheriff, to return process in his hands, according to the statute, whether executed or not. Clay's Dig. 199, § 1; 336, § 131-2; Brown & Milton v. Baker, Sproule & Co. 9 Porter, 503.

4. When the return day has passed, process ceases to have any effect, and a sale of lands, after return day, without additional process, by virtue of a levy made before, is void, as being without authority. Brown & Milton v. Baker, Sproule & Co. 9 Por. 503; Downer v. Harew, 10 Vt. 418; Huggins v. Ketchum, 4 Dev. & Bat. 415; Tarkinton v. Alexander, 2 Ib. 87; Barden v. McKinne, 4 Hawks, 279; Sims v. Randal, 2 Bay. 524; Seawell v. Bank of Cape Fear, 3 Dev. 279.

5. The same principle is recognized in Green v. Burke, 23 Wend. 498; Frost v. Etheridge, 1 Dev. 30, 33; Tayloe v. Gaskins, 1 Ib. 295; Governor v. Eastwood, 1 Ib. 157; Saunderson v. Rogers, 3 Ib. 38; The State v. Greenlee, 4 Ib. 150.

J. W. PRYOR, contra.

A sheriff may sell land after a return of the execution, if he made a levy before the return day. Bun v. Dansdale, 2 Bin. 80; Blythe v. Richards, 10 S. & R. 261; Tillotson v. Gregory, 5 Blaithford, 590; Mordecai v. Speight, 3 Dev. 428; Cox v. Joiner, 4 Bibb, 94; Irvin v. Pickett, 3 Ib. 343; Wood v. Colvin, 5 Hill, 228, 231.

A sheriff's deed cannot be impeached collaterally, for any irregularity in his proceedings, or in the process under which he sells, all that is essential in such a case, is a judgment, execution thereon, levy, and sheriff's deed. Ware v. Bradford, 2 Ala. 675.

DARGAN, J.—The agent of the Branch Bank at Montgomery, appointed under the act of 1843, (Clay's Dig. 118,) levied an execution on the land in controversy, which was

issued against White, and was in favor of the bank. The execution was returnable to the circuit court of Montgomery, to be held on the first Monday of March, 1844, but was levied on the land in October previous to the return term of the writ. On the first Monday in April, 1844, the agent of the bank, by virtue of this levy, sold the land to the lessors of the plaintiff, but no other process had issued to him, to enable him to sell. On these facts, the plaintiff in error requested the court to charge the jury, that the plaintiff below could not recover, which the court refused.

The agents of the State Bank, and its Branches, appointed under the act referred to, possess the same powers in executing process in favor of the banks, confided by law to sheriffs, and are bound to observe the same rules in the execution of process, prescribed to the sheriffs. The question therefore arising out of the charge requested, is, can a sheriff sell land after the return day of the execution, by virtue of a levy previously made, and by a sale give the purchaser a good title.

By the statute law of this state, sheriffs are required to return all executions to the clerk's office from which they issued, three days before the term to which they are returnable, and it is very clear, that the authority conferred on the sheriff by the writ, ceases when the return day is past ; and if the money due on the execution be paid to him after that time, the payment will not operate as a satisfaction of the judgment. Barton v. Lockhart, 2 Stew. & P. 109 ; Bobo v. Thompson, 3 Ib. 385 ; 3 Ala. 299 ; Chandler v. The State Bank, at the last term.

If a sheriff has not the authority to receive the money, after the return day of the execution, he has not power to sell land by virtue of a previous levy. The object of the sale is, to raise the money, and for this purpose the execution gives him power to sell the land of the defendant, and to pass the title to the purchaser, but after the authority to receive the money is gone, he cannot retain the power to sell.

It is true, that if the levy had been made on personal property, and by virtue of the levy, the sheriff had the possession, he may sell, notwithstanding the return day has passed ; for by the levy, and possession, the sheriff has a special property in the goods, and his purchaser will receive by the sale,

the title the sheriff had, and which must be superior to the title of the defendant in execution.

The levy on personal property divests the title of the defendant, as in favor of the sheriff, and the execution will be considered as satisfied, to the extent of the value of the property, unless it be returned to the defendant, or the sheriff be deprived of the possession by his act. He may therefore sell by virtue of his title, although the return day of the writ is past.

But a levy on real estate, gives the sheriff neither title or possession, and a sale by him of land, in order to pass the title to the purchaser, must be made by process, which clothes him at the time, with power to sell, and authority to receive the money. If he sell land by virtue of the previous levy, after the return day of the execution, and without any new process, issued to him for that purpose, the sale is void, and the purchaser acquires no title. Doe v. Kinny, 4 Hawks, 279; Cash v. Sazer, 1 Watts & S. 519; 10 Verm. Rep. 418; 2 Dev. & Bat. 87; 9 Porter, 503.

It is true, that the decisions of the courts of the United States, do not harmonize on this subject, but we think the view we have taken is correct on principle. A purchaser from a sheriff, as from any other person, must show that he acquired a title by his purchase. This cannot be shown, unless the sheriff either had a title in himself at the time he sold, or unless he had the legal authority to sell. The object of clothing the sheriff with authority to sell, is to enable him to obtain the money, in satisfaction of the judgment, and if he had not authority to receive the money, at the time of the sale, from the defendant, it would be absurd to say that he had authority to sell the defendant's land, to enable him to obtain it.

Under the decisions of this court before referred to, a payment by the defendant to the sheriff, at the time of the sale of the land, would not have operated as a satisfaction of the judgment; the sheriff had no right to receive the money, and consequently no authority to sell the land.

Let the judgment be reversed and the cause remanded.