## HARRIS, NORTON & CO. v. LITTLEBURY A. ELLIS.

A receipt of a sheriff for the amount of an execution which has been in his hands, and had been levied on property for which a delivery bond had been given and forfeited, was without authority, and does not satisfy the judgment. (Paschal's Dig., Arts. 3777–3779, Notes 869, 870.)

The sheriff becomes the agent of the plaintiff to receive payment of a judgment so soon as an *operative* execution is placed in his hands, and his power continues while the execution remains in force; no longer. (Paschal's Dig., Art. 3775, Note 867.)

After the return day of any execution which has not been levied, the power of the sheriff to collect under it ceases.

When an execution has been levied and a delivery bond given, and the same returned and forfeited, the sheriff can only re-acquire the power to levy by the issuance of a new execution. (Paschal's Dig., Art. 3779, Note 870.)

As, without an execution, after the return day, the sheriff had no authority to seize the property not delivered, or to make a new levy, he had no right to receive payment of the execution. (Paschal's Dig., Art. 3773, Note 866.)

When a sheriff has an execution in his hands, he has no right to receive payment in a draft on a third person, but only money; and the payment in a draft would be no discharge of an execution in his hands. (Paschal's Dig., Art. 3781, Note 872.)

Where a jury had been waived, and the court below had tried an injunction cause, and perpetuated the injunction, this court, upon the facts, reversed the decree and dismissed the bill.

APPEAL from Bowie. The case was tried before Hon. WILLIAM S. TODD, one of the district judges.

Harris, Norton & Co. recovered a judgment on the 17th September, 1857, against Littlebury A. Ellis, for $198 23 and costs. Execution issued, and on the 26th December, 1857, Ellis gave a delivery bond for the negress who had been levied on, which bond he forfeited, and an execution was issued against the defendant and his surety, but the sheriff did not levy this, and the day after the return day the sheriff receipted for satisfaction of the execution, part in cash and part in a draft on another person. The draft was afterwards paid to the sheriff. The plaintiffs, not getting the money, sued out another execution against the defend-

ant.   The defendant in the execution now sued out an injunction, alleging the facts, and resting on the payment.

Harris, Norton & Co. answered, setting up the want of the sheriff's authority to receive the money, as well because he had no writ, as because he did not have possession of the property levied on.   The receipts were one day after the return day of the execution.   The motion to dissolve was supported by an answer, setting forth that the first execution had been levied, a delivery bond given and forfeited, upon which execution issued against the defendant and his sureties; that. upon this last execution no action was had; and that the sheriff received payment the day after the return day of this last execution.   On hearing the evidence, the court perpetuated the injunction, and Norton & Co. appealed.   The exact point was, whether payment to the sheriff the day after the return day of the execution which issued on the forfeited delivery bond was a satisfaction of the execution.

No brief for the appellants has been furnished to the *Reporter.*

*William Moore,* for appellee.—The record in this case shows, that on the 26th of December, 1857, the sheriff of Bowie county, Texas, levied on one likely negro woman belonging to appellee.   Now, the question that arises in this case is, what was the effect created by the levy?   It created a continuing charge upon the negro, until it was satisfied and extinguished by payment.   If the negro had passed into the hands of third persons, she would have still remained incumbered by the levy; therefore the appellee had a clear right to satisfy the lien, which was done by him, as the sheriff's receipt will show.   (Brown v. Gilliland, 3 DeS. Eq., 539.)

Moore, C. J.—The receipt of the sheriff, upon which

the appellee relies as evidence of the satisfaction of the judgment which he seeks to enjoin, shows that he paid to the sheriff the amount of said judgment in money and a draft on a third party, after the return day of the original execution, and at a time when there was no precept in his hands authorizing him to demand or collect the money to which appellants were entitled by said judgment.

The sheriff becomes the agent of the plaintiff to receive payment of a judgment when an operative execution comes to his hands, and he continues so as long as the authority thus conferred sanctions his action. The right of the sheriff, by virtue an execution, to take possession and sell property of a defendant to satisfy such execution, unquestionably ceases, if there has been no previous levy under it, after the return day. The right of possession acquired by the sheriff in the present case by the levy was discharged by the delivery bond given by appellee. Until its forfeiture the appellee was entitled to possession of the property for which his bond was given. The possession of the sheriff, by the levy, being divested by the delivery bond, after its forfeiture, he could only reduce the property to possession again by virtue of an operative execution still remaining in his hands. The mere fact of the levy and forfeiture of the bond would not authorize his seizing the property so levied on after the return of the execution under which he had acted, and when he held no process whatever invoking his official action in the matter. It follows, therefore, as a necessary consequence, that the sheriff, having no process in his hands or authority to compel a delivery of the property upon which he had levied, he could, after the return of the execution, neither enforce payment of the judgment nor give a discharge from it on payment being voluntarily made to him. (Planters' Bank v. Scott, 5 How. Miss., 246; Wood v. Robinson, 2 Smedes & Marsh., 271; Walker v. McDonald, 4 Smedes & Marsh., 118; Walker v. Bradley, 2 Pike, 578; Farmers' Bank, &c. v. Reid, 3 Ala., 299.)

It is also well settled, that appellee's draft, even if received by the sheriff in payment of the execution, when in his hands for collection, if not specially authorized or accepted by the appellants, would not satisfy the execution or discharge appellee from its payment. (Mumford v. Armstrong, 4 Cow., 553; Codzwise v. Field, 9 Johns., 261; Gasquitt v. Warren, 2 Smedes & Marsh., 514.)

A jury having been waived, and the cause submitted to the court, and the judgment in our opinion being erroneous, it will be reversed, and such judgment rendered in this court as should have been given in the court below; which is, that the injunction be dissolved and appellee's petition dismissed.

ORDERED ACCORDINGLY.