## Sheppard v. Rhea.

### Real Action in Nature of Ejectment.

*Sale of land under fi. fa. on first day of return term.* — A sale of land under execution by the sheriff, on the first day of the term to which the writ is returnable, is void, the return day being then past.

APPEAL from the Circuit Court of Etowah.
Tried before the Hon. WM. L. WHITLOCK.

This action was brought by R. B. Rhea, against A. W. Sheppard and others, to recover the possession of a certain tract of land, which was particularly described in the complaint, together with damages for its detention. To make out his title to the land, as the bill of exceptions shows, the plaintiff offered in evidence a judgment in his own favor against said A. W. Sheppard, an execution thereon, which was levied on the land in controversy as the property of said Sheppard, and the sheriff's deed to said plaintiff as the purchaser at the sale under the execution. The said sale was made by the sheriff on the first day of the term to which said execution was returnable; and the defendants asked the court to charge the jury that the sale and deed were void for that reason. The refusal of this charge, to which the defendants reserved an exception, is now assigned as error.

ELLIS & CALDWELL, for appellants, cited *Smith* v. *Mundy*, 18 Ala. 182; *Morgan* v. *Ramsey*, 15 Ala. 190; *Barton* v. *Lockhart*, 2 Stew. & P. 109; *Farmers' Bank* v. *Reid*, 3 Ala. 385; *Brown & Milton* v. *Baker*, 9 Porter, 503.

FOSTER & FORNEY, *contra.* — The law now in force, in relation to the return of executions, is materially different from the old law, under which the decisions cited for appellants were made. Rev. Code, §§ 2852–4; Clay's Digest, 336, § 131. The sheriff is now required, "if practicable, to make return

of his acts and doings " to the clerk; not to return the execution itself into the clerk's office. There is nothing in the Code which requires that the writ shall be returned three days before the term to which on its face it is returnable. Moreover, the former law was peremptory, while the present is only directory. The failure of the sheriff to comply with these directions cannot avoid the sale. *Ware* v. *Bradford*, 2 Ala. 682; *Weir* v. *Clayton*, 19 Ala. 132; *Pollard* v. *Cocke*, 19 Ala. 188; *Hubbert* v. *McCollum*, 6 Ala. 221. If there is no date to the return of an execution, the presumption is that it was returned in due time. 3 J. J. Mar. 224; 3 Gill & J. 359.

B. F. SAFFOLD, J. — The only material point argued by the counsel of the parties is, whether a sale of land made by the sheriff, under execution, on the first day of the term to which the writ is returnable, is void? We think it is. The execution is inoperative, after the time in which it should be returned. That time is certainly terminated by the commencement of the return term. It cannot include the first day of that term, because there must be a completion of the time; and no reason can be given for its extension to the first day, which would not equally apply to the second, or any other day of the term.

If there could be any doubt on this point, our construction of Rev. Code, § 2852, is, that the *return day* of an execution is three days before the first day of the return term. The section commands the officer to execute the writ with diligence, " and, if practicable, perform the mandate thereof, and make return of his acts to the clerk, three days before the first day of the return term of the writ." Section 2854 R. C. requires, if the writ be not executed, or only executed in part, the reason why it is not executed, or only executed in part, to be stated in the return. By the first section cited, the mandate of the writ must be performed, and a return to that effect made, within a specified time, if practicable. Of course, the officer is liable if he fail in this, when it is practicable. So far from affecting the return day, as fixed by the law of Clay's Digest, this section adds stringency to the obligation of the officer to do his duty, while it declares his exoneration if he cannot perform it. Our authorities all declare the invalidity of a sale of land under an execution which is inoperative at the time. *Smith* v. *Mundy*, 18 Ala. 182; *Morgan* v. *Ramsey*, 15 Ala. 190; *Barton* v. *Lockhart*, 2 Stew. & Port. 109.

The judgment is reversed, and the cause remanded.