# Hawes *v.* Rucker.

*Statutory Action in nature of Ejectment.*

1. *Sale of land under execution after return day.*—Land can not be sold under execution after the return day of the writ, either by the sheriff who made the levy, or by his successor in office.

2. *Judgment in ejectment as evidence.*—A judgment in ejectment for the plaintiff confers no title on him, even as against the defendant; nor is it admissible as evidence for him in a subsequent action against a third person, who was not a party to the former suit, and who does not claim under the defendant in that suit, although, having entered *pendente lite*, he was dispossessed under a writ of possession, and afterwards entered again.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JOHN B. TALLY.

This action was brought by Thomas G. Rucker against Monroe Hawes, to recover the possession of a tract of land containing 130 acres, with damages for its detention by way of rent; and was commenced on the 20th December, 1888. The plaintiff claimed the land as a purchaser at sheriff's sale under execution against George W. Hawes, who was the father of the defendant; and the defendant, who had entered as the

[Hawes v. Rucker.]

tenant of Mrs. Mary Marshall, the mother of said George W. Hawes, held under her until June, 1888, when she executed a deed of gift to said George W., and thereafter under said George W. The plaintiff had recovered two judgments against said George W. Hawes, on the 7th March, 1879, and executions on these judgments were regularly issued, and returned "No property found." On the 5th April, 1884, an *alias* execution was issued on each judgment, and levied on a tract of land particularly described, on the 16th July; and the land was sold under these levies, by the succeeding sheriff, on the first Monday in November, 1884, which was after the return day of the writ. The plaintiff became the purchaser at this sale, and received the sheriff's deed, claiming under it in this suit; but the deed recites only the levy of one writ and sale under it. The land here sued for was described in the complaint by the names of the adjoining proprietors on the north, south, east and west, with the words added, "lying and being in section four (4), township three (3), *range eight (8)* east;" while the land involved in the former suit was described in the judgment and executions, and also in the sheriff's deed, in the same words, except that it was said to lie in *range nine (9.)* The defendant objected to the admission of the execution levies as evidence, on account of this variance in the description of the land; and also to the admission of the sheriff's deed as evidence, not only on that ground, "but on the further ground that the sheriff by whom said deed was executed had no authority in law to execute it, said execution having been received and levied by his predecessor in office." The court overruled these objections, and admitted the evidence; and the defendant excepted.

On the 4th May, 1885, having received the sheriff's deed, the plaintiff brought an action of ejectment, or statutory action in the nature thereof, against said George W. Hawes and several tenants in possession, to recover the possession of said land, as described in the former suit. In that suit, the several defendants "by plea disclaimed possession;" and the plaintiff recovered a judgment, February 15th, 1887, for the possession of the land, and $100 for damages as rent. A writ of possession was issued on this judgment, under which, after one or more unsuccessful attempts, Mrs. Marshall was dispossessed, and the possession formally delivered by the sheriff to the plaintiff's agent, who thereupon stuck up notice to trespassers, but went away with the sheriff; and Mrs. Marshall afterwards again entered. The plaintiff offered in evidence the record of this judgment and the proceedings under the writ of possession; and the evidence was admitted, against the objection and

exception of the defendant. There was other evidence relating to the title to the land, and other exceptions to evidence which require no notice.

The court charged the jury, on request, to find for the plaintiff if they believed the evidence; and to this charge the defendant excepted. The charge given, and the rulings on evidence, are here assigned as error.

MARTIN & BOULDIN, for appellant.

J. E. BROWN, contra.

CLOPTON, J.—Plaintiff derives title to the land sued for by purchase at a sale made by the sheriff under execution issued on a judgment rendered in his favor against George W. Hawes, in March, 1879. The execution under which the sale was made, was issued April 5, 1884, and levied on the 16th of July thereafter on the land in controversy, by Thomas Robinson, then sheriff of Jackson county. His term of office having expired, the execution came to the hands of his successor, by whom the land was sold, and deed made to plaintiff. The only evidence of the sale consists of the recitals in the sheriff's deed. From these recitals it appears that the land was sold under the execution November 3, 1884, at which sale plaintiff became the purchaser, to whom the sheriff executed a conveyance on the same day. The sale was made after the return day of the execution.

If conceded that, when an execution is levied on real estate by a sheriff, whose term of office expires before a sale of the property, the sale may be legally made by his successor, such sale must be made before the return day of the writ. It is well settled in this State, that a sheriff has no power to sell land under an execution after the return day of the writ. If he makes a sale afterwards, without a revival of his authority by some new process, such sale passes no title to the purchaser. Whatever may be the rule as to the authority of the sheriff to sell personal property after the return day of the execution, which he had levied when it was in force; in respect to real estate, the rule above stated has been too firmly established to be controverted or doubted.—*Morgan v. Ramsey*, 15 Ala. 190; *Smith v. Mundy*, 18 Ala. 182. This rule has become a rule of property in this State, from which it would be unwise to depart.

Plaintiff also offered in evidence the record of an action instituted by him against George W. Hawes and others in the Circuit Court of Jackson county, to recover the land sued for;

in which action he recovered judgment against the defendants therein, and was put in possession under a writ of possession issued on the judgment.   Plaintiff contends, that these proceedings and the judgment estop defendant, who is the son of George W. Hawes, from setting up title to the lands in suit. Neither defendant nor his grand-mother, Mary Marshall, under whom he claims to hold possession, was a party to this suit. The settled rule at common law is, that a judgment in ejectment does not confer title upon the party in whose favor it is given, and is not evidence in a subsequent action even between the same parties.—*Camp v. Forest*, 13 Ala. 114. Section 2714 of the Code provides :   "Two judgments in favor of the defendant in an action of ejectment, or in the nature of an action of ejectment, between the same parties, in which the same title is put in issue, is a bar to any action for the recovery of the land, or any part thereof, between the same parties, or their privies, founded on the same title."   Except as thus changed by statute, the common-law rule prevails. A judgment in ejectment against a tenant is not evidence against the landlord, unless he was admitted to defend, or joined with the tenant in making defense, notwithstanding he may be subject to be dispossessed by the writ of possession against the tenant, if he receives possession from the tenant *pendente lite.*—*Smith v. Gayle*, 58 Ala. 600.

Neither the sale of the land under the execution and the sheriff's deed, nor the recovery in the former action of ejectment, conferred or passed any title to plaintiff.   As in ejectment, or in the corresponding statutory real action, the plaintiff must recover upon the strength of his own title, and not upon the weakness of defendant's, when no relation exists creating an estoppel of defendant's denial of plaintiff's title, the affirmative charge requested by defendant, on the undisputed evidence, should have been given.   This conclusion renders unnecessary consideration of the other questions involved.

Reversed and remanded.