# Wilson v. The State.

*Prosecution for Retaking Possession of Land after being ejected under Legal Process.*

1. *Retaking possession after being ejected under legal process; sufficiency of complaint.*—In a prosecution for retaking possession of land without order of court, after being dispossessed under legal process, a complaint or affidavit made before a justice of the peace, which charges that after being legally dispossessed under legal process from a court having jurisdiction of the land, the defendant did "go back into possession of said real estate, by force or otherwise, without being restored to the possession of said real estate by an order of a court having jurisdiction of the same," is sufficient as charging a commission of the offense forbidden by statute (Acts, 1892-93, p. 1046); the averments of the complaint or affidavit being in substantial compliance with the statute.

2. *Same; when offense not committed.*—When the owner of land is dispossessed thereof under a writ of possession issued on a judgment in an action of ejectment to recover possession of said land, but to which suit he was not a party defendant, and it is not shown that pending such suit he received possession from the defendants therein, who were his tenants, by re-entering possession of such land, without the order of a court having jurisdiction, such owner is not guilty of a violation of the statute that makes it a penal offense for one, who has been dispossessed by an officer under legal process, to re-enter into possession without an order of court therefor (Acts, 1892-93, p. 1046); such owner not having been lawfully dispossessed in the first instance.

3. *Retaking possession of land without order of court, after being ejected under legal process; admissibility in evidence of writ of possession.*— When the owner of land is dispossessed thereof under a writ of possession issued on a judgment in an action of ejectment brought to recover possession of said land, but to which suit the owner was not a party defendant, and it is not shown that he received possession from the defendants in that suit during its pendency, in a subsequent prosecution of such owner for retaking possession of said land without the

9

order of a court having jurisdiction (Acts of 1892-93, p. 1046), the writ of possession under which he was ejected is not competent evidence against him, and is inadmissible.

4. *Same; complaint in an action by owner to recover damages for his dispossession inadmissible in evidence.*—In such a prosecution of the owner of the land, the complaint in a suit brought by him after his dispossession against the sheriff and plaintiff in the ejectment suit to recover damages for having been unlawfully ejected under the writ of possession is likewise incompetent evidence against him, and inadmissible.

APPEAL from the County Court of Bibb.

Tried before the Hon. N. H. THOMPSON.

The appellant, W. D. Wilson, was tried and convicted under a prosecution commenced by the following affidavit: "Before me, S. J. Gardner, a justice of the peace in and for said county and State, personally appeared Harrison Kennedy, who being by me first duly sworn, doth depose and say that W. D. Wilson, *alias* Watt Wilson was, on, to-wit, the 12th day of January, 1897, dispossessed of a certain tract of real estate, to-wit [describing the land] in Bibb county, Ala., by Robt. Vance, as sheriff of Bibb county, Ala., under legal process from the circuit court of Bibb county, Ala., a court having jurisdiction of said land, and that after having been so dispossessed, the said W. D. Wilson, *alias* Watt Wilson did, on, to-wit, the 1st day of February, 1897, go back into the possession of said real estate, by force or otherwise, without having been restored to the possession of said real estate by an order of a court having jurisdiction of the same."

To this affidavit the defendant demurred upon the following grounds: "1st. That the facts stated in said affidavit constitute no crime under the laws of Alabama. 2d. That the affidavit fails to show that there was any legal process in the hands of the said sheriff referred to in said affidavit against the said defendant, W. D. Wilson. 3d. That the facts stated in said affidavit fail to show that the said W. D. Wilson was a privy to any defendant to a process in the hands of the sheriff. 4th. That the said affidavit fails to show that Watt Wilson did not have a legal right to resume possession of the lands described in said affidavit."

Upon the trial of the cause, as is shown by the bill of exceptions, the State introduced as a witness the sheriff

[Wilson v. The State.]

of Bibb county, who testified that on January 12, 1897, he, as sheriff, dispossessed the defendant of the lands described in the affidavit, by virtue of a writ of possession, which was issued upon a judgment recovered by one S. F. Alston against W. J. Wilson and others. This writ of possession was offered in evidence and showed that the judgment recovered by Alston was against W. J. Wilson and others, but that the defendant in this suit was not one of the parties ; and the indorsement of the sheriff upon this writ of possession showed that he had executed it by removing from said lands, the said W. J. Wilson and the other named defendants in said suit, there being no mention of the defendant. The defendant objected to the introduction of this writ of possession in evidence, upon the ground that it was illegal, irrelevant, and that it was not against the defendant. This objection was overruled, and the defendant duly excepted. The testimony for the State further tended to show that after the execution of this writ of possession by the sheriff, the defendant again went into possession of the lands within 30 days thereafter, and without an order of court therefor.

The clerk of the circuit court of Bibb county testified that no order had been granted by the circuit court restoring the defendant to the possession of the lands referred to in the affidavit. The defendant objected to the introduction of this testimony, on the ground that it was illegal, irrelevant and incompetent, and duly excepted to the court's overruling his objection. The State then introduced in evidence the complaint filed in the case in the circuit court of Bibb county, in which W. D. Wilson, the present defendant, was plaintiff, and S. F. Alston and others, including the sheriff of Bibb county, were the defendants. In this suit the plaintiff claimed of the defendants damages for the wrongfully and unlawfully entering upon his lands and ejecting him by force therefrom. The defendant objected to the introduction of this complaint in evidence upon the ground that it was irrelevant and incompetent, and duly excepted to the court's overruling his objection.

The defendant as a witness in his own behalf testified that he owned the lands described in the affidavit, and that under a deed thereto he had been in possession of the lands since 1877 ; that while in possession of said

land, the sheriff, by force, compelled the witness to leave the place, and threw his household effects into the road, forcing him out of said land; but that the sheriff did not remove his tenants from said land.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury, among others, the following written charge, and duly excepted to the court's refusal to give the same as asked: (1.) "If the jury believe the evidence in this case, they must acquit the defendant."

No counsel marked as appearing for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

HARALSON, J.—There was no merit in the demurrer of the defendant to the affidavit for arrest. It seems to have been in substantial compliance with the act of February 21, 1893, (Acts, 1892–93, p. 1046) ; Code of 1886, §§ 4204, 4259.

It is well settled that ejectment is a possessory action, operating only on the possession, and must be commenced against the person in possession; and that a judgment in ejectment against a tenant is not evidence against the landlord, unless he is admitted to defend, or joined with the tenant in making defense, notwithstanding he may be dispossessed by the writ of possession against the tenant, if he receives possession from the tenant *pendente lite.—Smith v. Gayle*, 58 Ala. 600 ; *Hawes v. Rucker*, 94 Ala. 166.

The writ of possession, under which the defendant was dispossessed by the sheriff, was issued on a judgment, as recited in the writ, which Samuel T. Alston recovered of W. J. Wilson and others (not including the fendant in this case), in the "circuit court held for the county of Bibb, on the 6th of November, 1896," for the possession of the lands from which, it is alleged, the defendant was ejected. The defendant in this proceeding was not, so far as is made to appear, a party defendant to the suit of *Alston v. W. J. Wilson and others*, for the recovery of the possession of the land from them, nor does it appear that he received possession from said defendants in that suit,—who were shown to be his tenants,—during its pendency. Without such proof, he

was not in privity with them, was not bound by the judgment, and not liable to ejectment under a writ of possession issued thereon against them. Not being, in any way, a party to that suit, and not having entered into the possession of said lands under or in collusion with the parties sued, said writ of possession was not competent evidence against him in this proceeding. The objections against its introduction were well taken, and should have been sustained.

Nor was the complaint in the suit afterwards instituted by the defendant, against the sheriff and Alston for damages for having unlawfully dispossessed him under said writ, proper evidence against defendant in this case, and should not have been admitted against his objections as interposed. It was in no way relevant to the issue. Not having been lawfully dispossessed of said lands under said writ, the defendant was not guilty of a violation of the statute under which he is prosecuted, for having re-entered into the possession of the same, without an order of court.

The general charge in favor of defendant, as requested by him and refused, should have been given.

Reversed and remanded.