# Craig v. King.

## Statutory Ejectment; Petition to Vacate Writ of Possession.

[Decided February 11, 1902.]

1. *Ejectment; possession; who bound by judgment.*—Where the defendant in an ejectment suit has sold and conveyed the property two days before service upon him of process in such suit, but was in actual possession of the property when the process was served, although at the time of the conveyance he had told the purchaser that he would now turn over the possession of the place to him, and that he (the purchaser) might consider himself in possession, and the purchaser thereupon began to move his furniture and belongings to the property in dispute, but did not stay there at night or live in the dwelling house until after the process was served: *Held*: That such purchaser entered after the commencement of the suit, and although not a party to the suit, was a privy, bound by the judgment in the ejectment suit, so as to authorize his disposession under a writ of possession. (SHARPE and DOWDELL, JJ., *dissenting*.)

APPEAL from Marshall Circuit Court.
Tried before Hon. J. A. BILBRO.

D. ISBELL, for appellant, cited *Bonner v. Greenleese,* 6 Ala. 411; *Smith v. Gayle,* 58 Ala. 600; *Marshall v. Beede,* 54 Ala. 300; 10 Am. & Eng. Ency. Law (2d ed.), 525, 526, 529; 18 Am. & Eng. Ency. Law (1st ed.), 940; 7 Ency. Pl. & Pr., 302; *Bell v. Fannen,* 42 Fed. Rep. 755; *Hall v. Hilliard,* 6 Ala. 43; *Harmond v. Kennedy,* 4 Ala. 592; *Hooper v. Payne,* 94 Ala. 223; *Cooper v. Watson,* 73 Ala. 252.

O. D. STREET, *contra,* cited *Banks v. Spears,* 117 Ala. 264; *Smith v. Gayle,* 58 Ala. 600; *Morris v. Bube,* 54 Ala. 300; *Bonner v. Greenlee,* 6 Ala. 411; 7 Ency. Pl. & Pr., 301, 302, 304; 16 Ency. Pl. & Pr., 756-7; Sedg. & Wait, Trial of Title to Land, § 231 *et seq.*

[Craig v. King.]

HARALSON, J.—Petition by appellant, Craig, to set aside a writ of possession in favor of appellee, King, against one Sanford Jones, under which he had been dispossessed of lands, and to have himself restored to the possession of the premises.

The action of ejectment is purely possessory, and must be instituted against the party in actual possession. One in possession at and anterior to the commencement of the suit, cannot be legally ejected unless made a party defendant.—7 Ency. Pl. & Pr., 301, 302. Without having been a party, if ejected, he will be restored to possession on proper application to the court from which the writ of possession issued. "But all persons entering under, or acquiring an interest from, or entering by collusion with the defendant, subsequent to the commencement of the suit, are privies bound by the judgment."—*Hawes v. Rucker*, 94 Ala. 166; *Smith v. Gayle*, 58 Ala. 600. "The principle is,"—as stated in the case last cited,—"that a party having a distinct possession of the premises, at the commencement of the suit, if that possession is to be disturbed by the judgment and writ of possession, must have an opportunity to defend, or he cannot be dispossessed. If he has not such possession—if that resides in the tenants, who are made defendants, and pending the suit he acquires possession, he is a privy bound by the judgment, and subject to be dispossessed by the writ of *habere facias*. The title and the right of possession may reside in him, but he must yield to the judgment, and when the plaintiff is put in possession, resort to his action of ejectment."

It appears from the agreed statement of facts, that the appellant, Craig, acquired his title from Sanford Jones, on the 11th day of March, 1899; that on the 9th March, 1899, the appellee, King, filed his summons and complaint in ejectment in the circuit court against said Sanford Jones, which came to the hands of the sheriff and was executed, on the 13th March of that year. This date was the commencement of the suit.—Code, § 3268. By the agreed statement of facts it appears, that at the time of the execution of the deed by Sanford Jones,

to the appellant, Craig, on the 11th March, 1899, said
Craig and Jones were each engaged in moving from the
places they were respectively occupying, to the one
each was thereafter to occupy, and said Jones told Craig
that he would turn over the possession of the place to
him and he might consider himself in possession; that
on the 13th of March, the day the summons and com-
plaint of appellee, King, was served on said Sanford
Jones, the said Craig had all his corn, fodder, cotton
seed, etc., and all his household and kitchen furniture,
except a small load, moved onto the Jones place, and
said Jones had moved off of said place, all his goods
and chattels of like character, onto the Craig place, ex-
cept a small load of his household and kitchen furni-
ture, and on the night of the day the said summons was
served on said Jones, both Craig and Jones stayed with
their families at the places from which they were en-
gaged in moving, and where they had respectively been
living for some months previously; and at the time
of the service of the summons, Jones spent the night of
that day in a room of his house with a remnant of his
household goods, and Craig did the same thing in his
house.    The next day they finished moving, and each
went to the place from which the other had moved;
and, as the agreement of facts states, "Craig and his
family had not stayed on the place (of Jones) a single
night at the time of the service of the summons, but
had remained each night with his family where he had
been living for some months, and Jones had not stayed
a single night off of the place and was on the place
at the time of the service" of the summons on him,
and that Craig was not, at that time, in person on the
place. He went there, with his family, as appears, the
following day, and there remained until dispossessed by
the sheriff.    It was further admitted, that King had no
notice or knowledge, until after the service of his sum-
mons and complaint on Jones, of his having sold the
place to Craig, or of the moving of the two parties, and
that Craig had not lived on or been in actual possession
of said Jones lands for several months, prior to the ser-
vice of said summons, except as above shown.

[Vankirk Land & Construction Company v. Green.]

It very clearly appears from these admitted facts, that appellant Craig, acquired his actual possession from Jones after the commencement of the suit in ejectment by plaintiff against Jones, and that this possession did not begin, until after that suit was commenced, and, further, that Jones was the actual occupant of the lands at the date of the institution of said suit. His possession ,before and up to thetime of the service of the summons, was unbroken and continuous. The fact that he told Craig on the day of the delivery of his deed to him, that he, Jones, "would now turn over the possession of the place to him, Craig, and told him that he may (might) consider himself in possession," was not a surrender of the possession, since Jones continued in the actual possession, living in the dwelling house, until the day after the commencement of the suit, and Craig continued to live and be in possession of the other place. The judgment of the court below was evidently based on this theory, and we approve it.

Affirmed.

Sharpe, and Dowdell, JJ., dissenting.