# Ward v. The State.

### Violating Animal Quarantine.

(Decided March 23, 1917.    74 South. 727.)

1. **Animals; Quarantine; Affidavit.**—Where the affidavit follows the form prescribed by the Code for proceedings in the county court, without undertaking to set out the constituents of the offense, it was sufficient to sustain the judgment.

2. **Appeal and Error; Review; Demurrers.**—Where the record does not show the judgment of the court on the demurrers to the complaint, or on demurrers to defendant's plea of misnomer, the entries of the clerk in the transcript "that said demurrers were sustained by the court" will not authorize a review.

3. **Same; Special Charges; Bills of Exceptions.**—In the absence of a bill of exceptions, the refusal of charges to defendant cannot be reviewed.

APPEAL from Wilcox County Court.
Heard before Hon. J. N. Stanford.

[Ward v. The State.]

Isaac S. Ward, alias, was convicted of violating the quarantine laws of the State Live Stock Sanitary Board, and he appeals. Affirmed.

The affidavit charges that the offense of driving, moving, carrying, or transporting, or causing to be driven, moved, or transported in violation of the quarantine laws of the State Live Stock Sanitary Board cattle from Monroe county, Ala., a tick-infested area, into Wilcox county, Ala., has been committed in said county by Irvin S. Ward, alias I. S. Ward, on or about May 23, 1916. Defendant first interposed plea of misnomer that his true name was Isaac S. Ward, and not Irvin S. Ward as alleged, and that he had never been known or called by the name of Irvin S. Ward, etc. Demurrers were interposed, and in the transcript, but not in the judgment of the court, it is noted that said demurrers were sustained by the court, and defendant duly and legally excepted. Demurrers were also interposed to the complaint, but are not necessary to be here set out. The record contains the charges, but none of the evidence on which the trial was had.

Godbold & Godbold, for appellant. W. L. Martin, Attorney General, for the State.

Brown, P. J.— (1) The affidavit on which the defendant was tried and convicted follows the form prescribed by the statute for proceedings in the county court, without undertaking to set out the constituents of the offense, and is sufficient to sustain the judgment of the court.—Code 1907, § 6703; *Malloy v. State,* 165 Ala. 117, 50 South. 1027; *Miles v. State,* 94 Ala. 106, 11 South. 403; *Wilson v. State,* 115 Ala. 129, 22 South. 567.

(2) The record does not show a judgment of the court on the demurrers to the complaint, nor on the demurrers to the defendant's plea of misnomer; and the entries of the clerk in the transcript that "said demurrers were sustained by the court," etc., will not authorize a review.—*Alabama Co. v. Brown,* 129 Ala. 286, 29 South. 548; 5 Mayf. Dig. 566, § 51.

(3) The appeal is on the record without a bill of exceptions; and the refusal of special charges to the defendant, as has been repeatedly held, cannot be reviewed without such bill.

Affirmed.